**Randy HOLLOWAY, Petitioner,**

v.

**UNITED STATES POSTAL
SERVICE, Respondent.**

**No. 92–3647.**

United States Court of Appeals,
Federal Circuit.

May 7, 1993.

Terry R. Clayton, Nashville, TN, submitted for petitioner.

David G. Karro, Appellate Div., U.S. Postal Service, Office of Labor Law, Washington, DC, submitted for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., and R. Andrew German, Chief Counsel, Appellate Div.

Before RICH, PLAGER, and LOURIE, Circuit Judges.

PLAGER, Circuit Judge.

Randy Holloway petitioned for review of the final decision of the Merit Systems Protection Board (MSPB or Board) when the Board denied Mr. Holloway's petition seeking review of the Administrative Judge's (AJ) initial decision. 54 M.S.P.R. 425.[1] The AJ dismissed, for lack of jurisdiction, Mr. Holloway's petition seeking review of the action of the United States Postal Service (USPS or agency) placing Mr. Holloway in a nonduty, nonpay status from the position of Mail Handler, effective July 3, 1991. Because Mr. Holloway has shown no error in the decision, we affirm.

## BACKGROUND

Mr. Holloway was employed as a Mail Handler at the Nashville, Tennessee, facility of the agency. On July 3, 1991, he was ordered by his supervisor to "clock out," allegedly for failure to perform his assigned duties. After he was escorted from the premises, he was placed on nonduty, nonpay status effective July 3, 1991. Mr. Holloway has apparently not returned for work since that time.

On February 26, 1992, Mr. Holloway petitioned the Board for review of the agency action placing him on nonduty, nonpay status. On May 14, 1992, as stated, the AJ dismissed the petition for lack of jurisdiction. That decision became final when, on August 25, 1992, the full Board dismissed Mr. Holloway's petition seeking review of the AJ's decision. This appeal followed.

## DISCUSSION

Mr. Holloway first argues that the agency placed him on nonduty, nonpay status without giving him advance notice as required by 5 U.S.C. § 7513(b) (1988). However, Mr. Holloway has not shown that he brought this issue before the AJ, or that the AJ ruled on

this issue. Further, our examination of the AJ's written decision provides no indication that the AJ ever considered this issue. Thus, it is not properly before this court on appeal.

Mr. Holloway next argues that the Board erred in dismissing his petition for lack of jurisdiction. According to Mr. Holloway, the agency constructively suspended him for more than 14 days. This was because the agency failed to provide him with a limited (or light duty) work assignment (to take account of a medical condition known as carpal tunnel syndrome he alleged he was suffering from) in the face of his willingness to perform such work and medical evidence showing that he was deserving of such limited assignment.[2] Thus, Mr. Holloway argues, the Board has appellate jurisdiction over these actions pursuant to 5 U.S.C. § 7513(a) (1988) and section 16.5 of the 1990 Mailhandlers National Agreement, the collective bargaining agreement between the agency and the National Postal Mailhandlers Union.

As a preliminary matter, we note that 5 U.S.C. § 7513(a) does not purport to provide a basis for the Board's jurisdiction, and that section 16.5 of the 1990 Mailhandlers National Agreement, being a contract between one party and the other party's representative, standing alone, cannot confer jurisdiction upon the Board. Our independent review of the relevant statutes, however, leads us to believe that 5 U.S.C. §§ 7513(d), 7512(2), 7511(a)(2), and 7701 (1988) are the statutory sections that Mr. Holloway intended to rely on for his jurisdictional assertion. Therefore, we consider whether these sections provide a proper basis for the Board's exercise of jurisdiction.

■ According to these sections, a federal employee is given the right to petition to the Board for a "suspension of more than 14 days." The term "suspension" is defined by 5 U.S.C. § 7511(a)(2) (which incorporates 5 U.S.C. § 7501(2)) as "the placing of an em-

---

1. Merit Systems Protection Board Docket No. SL07529202121I.

2. As the Government explains, in Post Office parlance, " 'light duty' refers to assignments given incapacitated employees under a collective

bargaining agreement, while 'limited duty' refers to assignments given [Office of Worker' Compensation Programs] recipients under Labor Department regulations." Respondent's Brief at 4.

ployee, for disciplinary reasons, in a temporary status without duties and pay." As this court has held, the dispositive inquiry in determining whether there has been a "suspension" for purposes of this section is whether the employee's absence from the agency was voluntary or involuntary. *Perez v. Merit Sys. Protection Bd.*, 931 F.2d 853, 855 (Fed. Cir.1991); *Pittman v. Merit Sys. Protection Bd.*, 832 F.2d 598, 600 (Fed.Cir.1987).

In *Pittman*, the question was whether an agency's decision to place on "enforced leave"—suspension of more than 14 days without pay and duties—an employee with an acknowledged physical incapacity was within the jurisdiction of the MSPB to review. The agency's action was premised on the employee's inability to perform any of the then available work assignments. The argument was that the suspension was not "disciplinary" in the same way an agency response to psychological difficulty would be, and therefore was not within the terms of the statute providing for review of suspensions "for disciplinary reasons." 5 U.S.C. § 7501(2). This court rejected the distinction and held the suspension reviewable.

In *Perez*, the employee took sick leave and requested an indefinite extension of his sick leave due to physical problems. The agency requested further justification for the request, and, after not receiving it, instructed the employee to return to work or he would be placed on absent without leave (AWOL) status. After no response was received by the date indicated, the agency placed the employee on AWOL status. When the employee later challenged this action before the MSPB, the Board held it was without jurisdiction over the claim. We affirmed: "where an employee has voluntarily absented himself from work, placement in a non-pay or AWOL status, even for longer than 14 days, is not a constructive suspension or other agency action appealable to the MSPB." *Perez*, 931 F.2d at 855.[3]

■ Mr. Holloway appears to argue that he did not voluntarily absent himself because the agency did not give him a work assign-

ment consistent with his physical needs, needs he showed to exist by medical opinion. Presumably this brings him within the scope of *Pittman*, rather than *Perez*. We think not. The agency considered Mr. Holloway's medical opinion, and concluded it was insufficient to establish his claimed need. The MSPB found no error in the agency's action.

The AJ specifically found that Mr. Holloway's period of absence was due to his unjustifiable failure to perform his assigned duties. According to the AJ, the agency had given Mr. Holloway a limited assignment, mail sorting or "casing," consistent with a job-related back injury he had suffered in 1988, the agency had never denied Mr. Holloway work pursuant to this assignment, Mr. Holloway acknowledged he was physically able to perform such work, and Mr. Holloway had been ordered to leave the premises and placed on nonduty, nonpay status on July 3, 1991 only after he had refused to perform his duties pursuant to this limited assignment. Thus, according to the AJ, the period of unemployment was voluntary.

The AJ further found that Mr. Holloway's proffered excuse for his failure to perform his assigned duties—the agency's failure to provide him with an even more limited assignment or light duty due to the medical condition, carpal tunnel syndrome, he was allegedly suffering from—was unpersuasive. The AJ noted that Mr. Holloway did not even request a more limited assignment until *after* July 3, 1991, that this request, once tendered, was denied, and that the denial was justifiable insofar as the Office of Workers' Compensation Programs (OWCP) had previously denied Mr. Holloway's request for workers' compensation benefits due to carpal tunnel syndrome.

On appeal, in support of his position that his absence from work was justifiable, Mr. Holloway points to a medical opinion dated November 7, 1991 he obtained which recommended that his assignment be further limited due to carpal tunnel syndrome. However, there is no evidence the agency ever adopted or approved of this opinion. In fact, a medi-

---

**3.** The court referred to the fact that the agency action in *Pittman* was "enforced." *Perez*, 931 F.2d at 855. Since all agency actions are "en-forced," we understand the court to have meant that the employee's absence in *Pittman* was involuntary.

cal opinion dated December 4, 1991 solicited by the agency apparently in response to the November 7, 1991 opinion obtained by Mr. Holloway simply recommended that Mr. Holloway "should continue on restrictions at work." This reference is apparently to the limited assignment of mail sorting Mr. Holloway had already been given.

Mr. Holloway also points to the agency's certification on November 15, 1991 that Mr. Holloway was available to "return to light duty." Mr. Holloway appears to be arguing that the agency, in taking such action, tacitly agreed to provide him with a more limited assignment. However, other evidence of record, including a request by Mr. Holloway's superior which apparently prompted the agency's action, supports a contrary view, *viz.*, that the agency, in taking such action, was simply indicating that Mr. Holloway would not be available in the foreseeable future to return to work *without duty restrictions.*

Mr. Holloway next argues that the AJ improperly relied on testimony adverse to him, ignored testimony favorable to him, relied on testimony from biased witnesses, or relied on testimony from witnesses who lacked personal knowledge. However, purported errors such as these all relate to credibility determinations by the AJ and thus are virtually unreviewable by this court. *Hambsch v. Department of Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986). Thus, none of these purported errors warrant reversal.

For all the foregoing reasons, under the limited standard of review we are bound to apply to Board decisions pursuant to 5 U.S.C. § 7703(c) (1988), we discern no error in the AJ's conclusion that Mr. Holloway's period of unemployment was voluntary and that the agency action complained of was therefore not appealable to the Board. Accordingly, we *affirm.*

*AFFIRMED.*