78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Terrence P. DERMOTT, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 95-3363.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1996.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Terrence P. Dermott petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of an alleged constructive suspension in excess of 14 days. Dermott v. Department of the Treasury, Docket No. DC-0752-94-0606-I-1.[1] We affirm.
 
 DISCUSSION
 
 2
 The jurisdiction of the Board is not plenary, but, rather, is limited to those matters expressly entrusted to it by "law, rule, or regulation." 5 U.S.C. § 7701(a) (1994). A "suspension for more than 14 days" is an action appealable to the Board. 5 U.S.C. §§ 7512(2), 7513(d); Holloway v. United States Postal Serv., 993 F.2d 219, 220 (Fed.Cir.1993). A suspension is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. §§ 7501(2), 7511(a)(2). "[C]ertain personnel actions, though not termed 'suspensions,' may remove an employee's duties and cause a loss of pay, thus producing the same effects as actual suspensions." Perez v. Merit Sys. Protection Bd., 931 F.2d 853, 855 (Fed.Cir.1991). Such an action is deemed a "constructive suspension" and is within the jurisdiction of the Board. Id. The dispositive inquiry in determining whether there has been an appealable suspension is whether the employee's absence from the agency was voluntary or involuntary. Holloway, 993 F.2d at 221. If an employee has voluntarily absented himself from work, there is no constructive suspension or other agency action appealable to the Board. Id.; Perez, 931 F.2d at 855.
 
 
 3
 Mr. Dermott was employed by the Internal Revenue Service ("agency") as an Attorney in the General Legal Services Division. On December 17, 1993, he was arrested in Maryland on felony charges involving the possession and manufacture of marijuana. As a result of the arrest, he was absent from work on December 17 and 20. Upon his release from custody on December 21, he arrived at work and met with his supervisor, Donald M. Suica, Chief, Public Contract Law Branch, General Legal Services Division, and Mark S. Kaizen, Assistant Chief Counsel, General Legal Services Division. At the conclusion of the meeting, Mr. Dermott left work and has not subsequently returned to the agency in a work status.[2]
 
 
 4
 In his decision, the AJ noted that Messrs. Suica and Kaizen testified that Mr. Kaizen recommended to Mr. Dermott that he take leave so that he could focus on his first priority, the pending criminal matter, and that he agreed to that proposal. Based on the evidence, the AJ found that Mr. Dermott was voluntarily absent from work during the period at issue.[3]
 
 
 5
 On appeal, Mr. Dermott argues that the finding of the AJ that he voluntarily was absent from work is not supported by substantial evidence. Specifically, he contends that "[a]ll evidence presented at the hearing indicated that there was no agreement between the parties concerning his absence from the work place." We disagree. To begin with, this court does not conduct de novo review of factual findings or credibility determinations. The Board decision must be affirmed unless (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed.Cir.1990).
 
 
 6
 The testimony of Messrs. Suica and Kaizen noted by the AJ supports the finding that Mr. Dermott was not barred from work and instead voluntarily absented himself. Mr. Dermott testified that during the course of the December 21 meeting Mr. Kaizen said, "We can't have you at work now under these circumstances," and that Mr. Suica and Mr. Kaizen asked him for his keys and his ID. Accepting this testimony as contrary to that of Mr. Suica and Mr. Kaizen, however, credibility determinations made by the AJ are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 575 (trial judge's credibility choice between two witnesses whose testimony is not contradicted by extrinsic evidence "can virtually never be clear error")).
 
 
 7
 Moreover, there is additional evidence that Mr. Dermott voluntarily took leave and that supports the testimony of Mr. Suica and Mr. Kaizen. On February 2 and 8, 1994, Mr. Dermott and Mr. Kaizen spoke by phone, and Mr. Kaizen's notes indicate that Mr. Dermott asked to be put on sick leave. Further, an undated handwritten note from Mr. Dermott to Mr. Suica indicates that Mr. Dermott requested sick leave beginning on January 12, 1994. Finally, Mr. Dermott submitted leave applications in January, February, and March, 1994, requesting sick leave. On the leave application that Mr. Dermott signed on March 19, 1994, he included a comment asking to be allowed to take "comp. time" if he had insufficient sick leave. The decision of the AJ dismissing Mr. Dermott's appeal for lack of jurisdiction, on the ground that he was voluntarily absent from work, is supported by substantial evidence.[4]
 
 
 
 [1]
 The November 10, 1994 initial decision of the administrative judge ("AJ") became the final decision of Board when the full Board denied Dermott's petition for review on February 21, 1995
 
 
 [2]
 The period at issue in this appeal is December 21, 1993, through March 18, 1994
 
 
 [3]
 The agency's official leave records show that Mr. Dermott was placed on annual leave from December 17, 1993, to January 27, 1994, on sick leave from January 28 to March 10, and on a combination of annual and sick leave, credit hours, and leave without pay from March 11 to March 18, 1994. Mr. Dermott did not contest his placement on annual leave on December 17 and 20, 1993
 
 
 [4]
 Mr. Dermott also argues that the Board committed procedural error by considering a deposition transcript excerpt from a separate Dermott appeal to the Board. He is unable, however, to advance any record evidence that he timely objected to admission of the deposition. He therefore waived any objection he may have to its inclusion in the record. In addition, he has failed to identify the harm that resulted from the alleged procedural error, and thus cannot carry the burden of proving an alleged harmful error. 5 C.F.R. § 1201.56(b)(1), 1201.56(c)(3)