William M. ROACH, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 02–3340.

United States Court of Appeals, Federal Circuit.

Dec. 16, 2002.

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM.

William M. Roach petitions for review of the June 29, 2001, final decision of the

Merit Systems Protection Board ("Board"), Docket No. DC–1221–97–0251–B–3, 2002 WL 1270119, denying his request for corrective action and dismissing his appeal. For the reasons set forth below, we *affirm.*

## BACKGROUND

During the period in question, Mr. Roach worked as a financial analyst in the Finance and Accounting Office of the Military District of Washington's ("MDW" or "agency") Special Accounting Section ("SAS") in Alexandria, Virginia. In 1994, the SAS underwent an audit that revealed numerous accounting irregularities. One of these irregularities arose from a $630,000 debit in the SAS's accounting records; another arose from Mr. Roach and several other employees' improper receipt of monetary awards during prior years. The agency corrected the accounting entry and garnished the pay of those employees who had received the monetary awards, Mr. Roach included, in order to recoup those sums.

In October of 1995, Mr. Roach's wife accepted a job in Charleston, South Carolina. Mr. Roach moved there with her, requesting and receiving more than two months of leave while he lived with his family and sought employment in Charleston. Mr. Roach subsequently found a job with the Defense Finance and Accounting Service ("DFAS") in that city, and his employment with MDW terminated pursuant to his DFAS appointment on December 17, 1995.

On December of 1996, Mr. Roach filed a complaint with the Office of Special Counsel ("OSC") alleging, *inter alia,* that the agency had garnished his wages and reassigned him after Mr. Roach had informed agency officials that removing the $630,000 debt from the SAS's accounting records would violate the Anti–Deficiency Act. According to Mr. Roach, the agency's alleged actions violated 5 U.S.C. § 2302(b), as amended by the Whistleblower Protection Act of 1989. After the OSC terminated its investigation of Mr. Roach's complaint, Mr. Roach appealed to the Board.

Before the Administrative Judge, Mr. Roach argued that the agency had garnished his wages and forced him to transfer to the DFAS in Charleston in retaliation for Mr. Roach's alleged whistleblowing activity. The Administrative Judge denied Mr. Roach's request for corrective action, holding that Mr. Roach had not engaged in whistleblowing activity under 5 U.S.C. § 2302(b)(8) because no disinterested observer could have reasonably concluded that the agency's correction of the $630,000 debit constituted a violation of the Anti–Deficiency Act.[1] The Administrative Judge based this conclusion on the finding that Mr. Roach was not an accountant, that the record indicated that Mr. Roach had no expertise in accounting practices, and that several accountants, including undisputed experts in the Anti–Deficiency Act, had advised Mr. Roach that the agency's correction of the debit was appropriate and in no way constituted a violation of the Act. The Administrative Judge further held that even assuming *arguendo* that Mr. Roach had engaged in protected activity by informing the agency that its correction would violate the Anti–Deficiency Act, no connection existed between this disclosure and the agency's garnishment of Mr. Roach's wages. As the Administrative Judge found, the garnishment resulted

---

1. The Administrative Judge's June 29, 2001, decision was its third decision on Mr. Roach's claim, the Board having remanded for further adjudication in *Roach v. Dep't of Army,* 86 M.S.P.R. 4 (2000), and *Roach v. Dep't of Army,* 82 M.S.P.R. 464 (1999).

from the discovery that Mr. Roach had been among several employees who had improperly received monetary awards. The Administrative Judge explicitly noted that the Criminal Investigation Division ("CID") had determined that these awards had been obtained illegally and that the agency had treated all of the employees involved in the same manner. Finally, the Administrative Judge dismissed Mr. Roach's appeal of his allegedly involuntary transfer, finding that this transfer reflected a deliberate, considered exercise of Mr. Roach's free choice rather than a reaction to a hostile work environment. The Administrative Judge's initial decision became final on May 28, 2002, when the Board denied Mr. Roach's petition for review. Mr. Roach appeals.

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We are obligated to affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). "Substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion. *See Gallagher v. Dep't. of Treasury*, 274 F.3d 1331, 1336 (Fed.Cir.2001) (quoting *Hogan v. Dep't of Navy*, 218 F.3d 1361, 1364 (Fed.Cir.2000)).

As a federal employee, Mr. Roach is protected by law from retaliation for whistleblowing activity. *See* 5 U.S.C. § 2105(a) (1994).[2] To establish a *prima*

facie case of retaliation, Mr. Roach must first show by preponderant evidence that he engaged in whistleblowing activity by making a disclosure that he "reasonably believe[d] evidences—(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8) (1994). Next he must show (1) that after making this protected disclosure, he was subject to disciplinary action; and (2) that the disclosure was a contributing factor to the personnel action taken against him. *See Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1322 (Fed.Cir. 1999) (internal citations omitted). If Mr. Roach succeeds in establishing his *prima facie* case, the MSPB must order corrective action unless "the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2) (1994).

Before this court, Mr. Roach argues that the Administrative Judge erroneously ignored his witness's testimony, relying exclusively the agency's own witnesses. Because purported errors such as these all relate to the Administrative Judge's credibility determinations, however, they are virtually unreviewable by this court, *Holloway v. U.S. Postal Serv.*, 993 F.2d 219, 222 (Fed.Cir.1993) (citing *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986)), and we consequently find these arguments unconvincing. *See also Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 906, 229 USPQ 664, 667 (Fed.Cir.1986) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses oth-

---

**2.** The versions of the statutes in effect in 1995, when the personnel action at issue was taken, are used throughout this opinion.

erwise."). Nor are we persuaded by Mr. Roach's assertion that the Administrative Judge erred by failing to allow him to introduce evidence concerning his rebuttal of the CID's investigation of the relevant monetary awards. Rulings on such evidentiary issues fall within the sound discretion of the Board and its adjudicatory officers, and we will not overturn the Board on such matters in the absence of clear and harmful abuse of discretion. *See Spezzaferro v. FAA,* 807 F.2d 169, 173 (Fed.Cir.1986). After carefully reviewing the record, we find no such abuse of discretion here. As for Mr. Roach's final argument that the Administrative Judge improperly disregarded the Board's order that it employ a presumption on remand that Mr. Roach had made a protected disclosure under 5 U.S.C. § 2302(b)(8), we find no such order in either of the Board's two previous decisions. *See Roach v. Dep't of Army,* 86 M.S.P.R. 4 (2000); *Roach v. Dep't of Army,* 82 M.S.P.R. 464 (1999). Moreover, we note that the Administrative Judge did presume *arguendo* that Mr. Roach had made such a protected disclosure. Even applying this presumption, however, the Administrative Judge concluded that no connection existed between Mr. Roach's disclosure, the agency's garnishment of his wages and that Mr. Roach's transfer to Charleston was voluntary.

Because the Board's decision is supported by substantial evidence and does not otherwise contain reversible error, we affirm.