NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3341

NICHOLAS S. TROBOVIC,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

Nicholas S. Trobovic, of Berwyn, Pennsylvania, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3341

NICHOLAS S. TROBOVIC,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

GENERAL SERVICES ADMINISTRATION,

Intervenor.

_____

DECIDED:  April 6, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Nicholas S. Trobovic was employed by the General Services Administration ("GSA") as a building management specialist at the Peter Rodino Federal Building in Newark, New Jersey.  He appealed to the Merit Systems Protection Board from an alleged constructive suspension.  The Board dismissed his appeal for failure to make nonfrivolous allegations sufficient, if proved, to establish its jurisdiction.  Mr. Trobovic petitions for review of that decision.  We <u>vacate</u> and <u>remand</u>.

I

The Merit Systems Protection Board has jurisdiction to hear appeals from specific personnel actions and decisions. One such action is a suspension for more than 14 days. 5 U.S.C. §§ 7701(a), 7512(d), 7513(a), (d). A suspension is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties or pay." Id. §§ 7511(a)(2), 7501(2). Our cases have recognized that even if an employee has not been formally suspended, the employer's imposition of personnel actions that result in the loss of duties and pay may constitute a constructive suspension and that such a constructive suspension is within the Board's jurisdiction. E.g., Pittman v. Merit Sys. Prot. Bd., 832 F.2d 598 (Fed. Cir. 1987); Mercer v. Dep't of Health & Human Servs., 772 F.2d 858 (Fed. Cir. 1985). To qualify as a constructive suspension, such a personnel action must result from an employer's conduct that denies the employee duties and pay, not from conduct by the employee. Perez v. Merit Sys. Prot. Bd., 931 F.2d 853, 855 (Fed. Cir. 1991). Thus, in cases concerning the denial of pay and duties resulting from an employee's absence from work, "the dispositive inquiry in determining whether there has been a 'suspension' for purposes of [MSPB jurisdiction] is whether the employee's absence from the agency was voluntary or involuntary." Holloway v. U.S. Postal Serv., 993 F.2d 219, 221 (Fed. Cir. 1993).

The administrative judge to whom this case was assigned was concerned that the Board might not have jurisdiction over this appeal because there was no suspension of more than 14 days. The administrative judge therefore ordered Mr. Trobovic to file affidavits or other evidence to show that the Board had jurisdiction over his appeal.

In response to the administrative judge's order, Mr. Trobovic alleged that four distinct actions caused his constructive suspension: (1) being barred from his workplace, (2) being placed in absent without leave ("AWOL") status, (3) being subjected to a hostile work environment, and (4) being denied work that would accommodate his disabilities. The administrative judge ruled that Mr. Trobovic had not made any nonfrivolous allegations that would establish the Board's jurisdiction over the appeal. The administrative judge therefore denied Mr. Trobovic a jurisdictional hearing and dismissed Mr. Trobovic's appeal. That initial decision became the final decision of the Board when the full Board denied Mr. Trobovic's petition for review.

Mr. Trobovic petitions for review and argues that the Board erred in its conclusions. We review without deference the question whether a federal employee made nonfrivolous allegations of fact sufficient to establish the Board's jurisdiction. Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

II

The administrative judge first addressed Mr. Trobovic's allegation that he had been barred from his workplace for more than 14 days. If that allegation were proved, it would establish that Mr. Trobovic's absence from work was involuntary and that maintaining Mr. Trobovic in nonpay, nonduty AWOL status for failing to report for work was a constructive suspension.

The administrative judge held that Mr. Trobovic failed to make nonfrivolous allegations that he had been barred from his workplace. We disagree. On September 28, 2005, Mr. Trobovic filed a response to the administrative judge's order to show that the Board had jurisdiction. In that pleading, Mr. Trobovic stated that in late July 2005,

he learned that his supervisor, GSA official Lloyd Wallace, had barred him from entering the federal building that is his workplace. He stated that he believed the bar was in retaliation for making protected disclosures under 5 U.S.C. § 2302(b)(8) to senior GSA officials. The question whether a person has been barred from entering his or her workplace is not the sort of complex ultimate fact that needs more substantiation than Mr. Trobovic provided to be meaningfully evaluated for frivolousness. The allegation is not inherently implausible and cannot fairly be deemed frivolous.

In response to that allegation, the GSA submitted an email from Mr. Wallace dated September 13, 2005, which informed Mr. Trobovic that he had never been barred from the building during normal working hours. The administrative judge apparently credited that email, or a declaration reciting its contents, as true. But that determination should have been reserved pending a jurisdictional hearing at which the administrative judge would have an opportunity to weigh and assess the credibility of the evidence. Because Mr. Trobovic had made a nonfrivolous factual allegation that would establish the Board's jurisdiction if true, the administrative judge erred in denying Mr. Trobovic's request for a hearing. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc). We therefore vacate the Board's decision and remand for a hearing on Mr. Trobovic's claim that he was constructively suspended by being excluded from his workplace.

The danger of prematurely weighing evidence is illustrated here by the strength lent to Mr. Trobovic's allegation by new evidence that he discovered through a Freedom of Information Act request. The GSA now acknowledges that it should have disclosed

that information to Mr. Trobovic.[1]  That evidence is in the form of communications to and from Mr. Trobovic's supervisor, Mr. Wallace.  First, in an email dated August 12, 2005, Mr. Wallace asked the head of building security to "[p]lease direct your security staffs at the building entry points and guard booths that Nick [Trobovic] is not to be allowed access unless he has written authorization from me or Jerry Gibson."  Second, a handwritten note dated September 6, 2005, reflected a call from Mr. Trobovic to Mr. Wallace "trying to get in the building."  Third, in an email dated September 12, 2005, Mr. Wallace informed the head of building security that "Nick Trobovic's access card has been re-activated effective today" and that "[w]ith proper GSA ID, [Mr. Trobovic] is to be allowed access to the building during normal operating hours."  Those emails may turn out to substantiate Mr. Trobovic's allegation that he was denied access to his workplace not just after normal working hours, but also during normal working hours.

III

The administrative judge next addressed Mr. Trobovic's allegation that the decision to place him on AWOL status was a constructive suspension.  The administrative judge determined that the AWOL classification was a result of Mr. Trobovic's choice to absent himself from work without leave and therefore was not a constructive suspension.

On appeal, Mr. Trobovic argues that he was absent from his job when he was placed in AWOL status because of a traumatic injury that kept him from working.  In Pittman v. Merit Systems Protection Board, 832 F.2d 598 (Fed. Cir. 1987), we held that

---

[1]  The GSA has intervened in this proceeding and has requested a remand so that the Board may consider Mr. Trobovic's new evidence regarding his claim of forced exclusion from the workplace.  The Board does not oppose the remand request.

the Board had jurisdiction to review an agency's decision to place an employee in nonpay, nonduty status because that action was taken on account of the employee's physical incapacity. Id. at 600. The Board, however, argues that the present case is more accurately compared to Perez v. Merit Systems Protection Board, 931 F.2d 853 (Fed. Cir. 1991). There, we explained that Pittman is limited to situations in which the agency acknowledges the employee's physical inability to work; in such a case, the denial of pay and duties is not deemed to be result of the employee's voluntary conduct. Id. at 855. In Perez, by contrast, the agency placed an absentee employee on nonpay, nonduty status because the employee did not provide satisfactory medical documentation of his inability to work. Id. at 854. We held that on those facts the suspension of pay was due to the employee's choice not to either return to work or furnish sufficient medical documentation excusing his absence. Accordingly, we found that there was no constructive suspension and no basis for the Board to review the suspension of pay. Id. at 855.

Our holding in Perez covered even the period during which the agency was evaluating the employee's medical documentation. 931 F.2d at 854. Similarly, in Holloway v. United States Postal Service, we applied Perez to the 27-day-plus period during which the agency was considering the employee's submitted medical opinion documenting his incapacity. 993 F.2d 219, 221–22 (Fed. Cir. 1993). As we noted in Holloway, however, the Board found the agency's ultimate rejection of the employee's medical documentation to be without error. Id. at 221. And in Perez, we simply stated that the employee's medical documentation of his incapacity to work "was

unsatisfactory," apparently reciting the agency's unchallenged conclusion to that effect. 931 F.2d at 855.

Here, Mr. Trobovic alleges two facts that would distinguish his case from <u>Perez</u> and <u>Holloway</u>. First, he alleges that the GSA's rejection of his medical documentation of his inability to work was erroneous because he had provided "sufficient medical documentation to justify being placed in an approved leave status." But unlike the relatively straightforward question whether Mr. Trobovic was denied access to his workplace during normal working hours, the question whether the GSA erred in finding insufficient Mr. Trobovic's medical evidence of his inability to work is an ultimate fact requiring complex subsidiary factfinding. We therefore agree with the administrative judge that Mr. Trobovic's conclusory allegation of GSA error, without more, cannot be deemed nonfrivolous. Thus, the administrative judge properly dismissed that allegation as a basis for establishing the Board's jurisdiction. <u>Cf.</u> <u>Briscoe v. Dep't of Veterans Affairs</u>, 55 F.3d 1571, 1573 (Fed. Cir. 1995) ("Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations.").

Second, Mr. Trobovic alleges that the GSA deliberately failed to consider his medical documentation for 71 days. It may be that an agency can constructively suspend an employee on nonpay, nonduty status by failing to evaluate the employee's medical documentation of his inability to work if the period of delay is so lengthy as to show a deliberate delay. We hold, however, that the alleged 71-day delay in this case

does not rise to that level. The administrative judge did not err in dismissing this allegation as a basis for establishing the Board's jurisdiction.

IV

The administrative judge next addressed Mr. Trobovic's allegation that a hostile work environment forced him to absent himself from his workplace and therefore led to his placement in nonpay, nonduty status. In response to the administrative judge's order to show cause for finding Board jurisdiction, Mr. Trobovic submitted a sworn pleading setting forth several attributes of his work environment. Specifically, Mr. Trobovic alleged that he had an unmanageable workload; that his supervisor, Mr. Wallace, gave a promotion to another employee instead of Mr. Trobovic; that a co-worker used insulting language to refer to him in the presence of other co-workers and contractors; that Mr. Wallace accused Mr. Trobovic of criminal activity at the behest of disgruntled members of the charitable organization on whose board Mr. Trobovic serves; and that Mr. Wallace humiliated Mr. Trobovic by directing him "to report to non-supervisory co-workers and/or contract employees."

The administrative judge did not address any of those allegations. Rather, the administrative judge picked out Mr. Trobovic's introductory statement that he intended to demonstrate a hostile work environment and rested at finding that statement conclusory. That failure to examine Mr. Trobovic's specific factual allegations was improper. Garcia, 437 F.3d at 1344 ("[I]f indeed the administrative judge decided that Ms. Garcia's allegations were frivolous, this court requires that the Board further elaborate on its decision by providing some specificity.").

Nonetheless, we find that the Board's dismissal was proper on another basis: The alleged facts do not rise to the level of working conditions so intolerable that "a reasonable person confronted with the same circumstances would feel coerced" into leaving the workplace. The conduct that Mr. Trobovic identifies, while regrettable if it occurred, is not sufficiently severe or pervasive to satisfy the demanding legal standard of proving that the GSA intentionally created a hostile work environment that would have coerced an employee in Mr. Trobovic's circumstances to absent himself from work. See Garcia, 437 F.3d at 1329 ("[T]he doctrine of coercive involuntariness is a narrow one[,] requiring that the employee satisfy a demanding legal standard." (quotation marks omitted)); cf. Williams v. Giant Food Inc., 370 F.3d 423, 434 (4th Cir. 2004) (holding that working conditions were not intolerable to the point of coercion where "supervisors yelled at employee, told her she was a poor manager, gave her poor performance evaluations, chastised her in front of customers, and once required her to work with an injured back"); Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1159–60 (8th Cir. 1999) (stating that "a feeling of being unfairly criticized or having to endure difficult or unpleasant working conditions" would not coerce an employee to leave a workplace, even where the unpleasantness involved a supervisor fondling his genitals in front of the employee and using inappropriate language with her).

V

Next, Mr. Trobovic argues that the GSA constructively suspended him once he was on AWOL status by refusing his requests to return to work. "If an employee who initiated his own absence from work requests to return to work within certain medical restrictions, and if the agency is bound by agency policy, regulation, or contractual

provision to offer available light-duty work to such an employee, the employee's continued absence constitutes a constructive suspension appealable to the Board if the agency fails to offer the employee any available light-duty work." Schultz v. U.S. Postal Serv., 78 M.S.P.R. 159, 163 (1998). Mr. Trobovic asserted before the administrative judge that the Rehabilitation Act of 1973 requires the agency to offer available light-duty work accommodating his medical restrictions.

The administrative judge found that "the record clearly shows that the appellant has never requested to return to work since he initiated his absence on June 17, 2005." Instead, the administrative judge found, Mr. Trobovic's own submissions made clear that he "remained out of work based on his claim that he is unable to work due to a traumatic injury."

Mr. Trobovic alleged before the Board that he requested a rearranged schedule but did not state when he requested it. Further, Mr. Trobovic submitted an EEO report to the Board indicating that his supervisor, Mr. Wallace, had previously considered a requested accommodation allowing him to work past 6:00 p.m. but found that accommodation unavailable because "it would be too costly to run the building for one or two employees and in accordance with the union contract, employees are not allowed to work beyond six p.m." In his pleadings before the Board, Mr. Trobovic did not allege that work under the modified schedule he requested was available. Nor did Mr. Trobovic allege that Mr. Wallace was incorrect in explaining why light-duty work was unavailable. In order for a refusal to allow an employee to return to light-duty work to be a constructive suspension, that light-duty work must be available. Schultz, 78 M.S.P.R. at 163. In light of that defect, we hold that Mr. Trobovic has not articulated facts that

would show a constructive suspension, and thus the administrative judge properly dismissed the alleged denial of accommodation as a basis for finding Board jurisdiction.

VI

Finally, Mr. Trobovic asserts that his appeal before the Board should have been treated as a "restoration to duty" appeal over which the Board had jurisdiction. Mr. Trobovic did not make that argument before the Board and therefore may not raise it here. Cecil v. Dep't of Transp., 767 F.2d 892, 894 (Fed. Cir. 1985).

* * * * *

In summary, we vacate and remand on Mr. Trobovic's claim that he was constructively suspended by being excluded from his workplace, but we reject the remainder of his challenges to the Board's decision.