NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIN STERN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2020-2192

---

Petition for review of the Merit Systems Protection Board in No. NY-1221-19-0193-W-1.

---

Decided: June 11, 2021

---

ERIC LEE SIEGEL, Kalbian Hagerty LLP, Washington, DC, for petitioner.

DOMENIQUE GRACE KIRCHNER, Commercial Litigation Branch, Civil Division, United States Department of Justice, for respondent. Also represented by BRIAN M. BOYNTON, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, *Chief Judge*, LOURIE and DYK, *Circuit Judges*.

PER CURIAM.

Erin Stern appeals the Merit System Protection Board's ("Board") dismissal of her hostile work environment claim for lack of jurisdiction. We *affirm*.

BACKGROUND

From about 2012 to November 2018, Ms. Stern worked as a Military Service Coordinator (MSC) with the Department of Veterans Affairs ("VA" or "agency").[1] MSCs are responsible for the timely development of Integrated Disability Evaluation System (IDES) compensation claims. The IDES integrates the Department of Defense's (DoD) and VA's disability processes by creating a single file of medical examinations that can be used to determine a soldier's fitness for duty, disability rating, and entitlement to disability benefits.

It is undisputed that Ms. Stern generally did not meet agency deadlines for processing IDES files. Ms. Stern maintained that the delay was caused by her unwillingness to improperly process files with incomplete medical records. She therefore "engaged in numerous disputes" with the agency concerning the timeliness of her IDES claims. J.A. 3. Ms. Stern made protected disclosures to her supervisor, alleging that Army Physical Evaluation Board Liaison Officers, who also work on IDES claims, were violating regulations governing the IDES process.

In addition to her disclosures relating to the IDES process, Ms. Stern made protected disclosures and engaged in disputes with the agency regarding workplace safety, poor treatment by coworkers, allegations of sexual harassment

---

[1]    On August 1, 2018, Ms. Stern requested a 100% telework position. Since November 2018, Ms. Stern has held a modified duty position with the VA that lets her telework from home. Ms. Stern has challenged the propriety of this modified duty position in a separate federal district court proceeding.

and sex-based discrimination, changes to her performance evaluation, and delays in the accommodation of her disabilities. The agency proposed to remove Ms. Stern from federal service on January 22, 2019, for failure to comply with supervisor instructions, conduct unbecoming a federal employee, and unreasonable delay in carrying out instructions. This proposed removal was rescinded in February 2020.

On January 10, 2019, Ms. Stern filed a whistleblower complaint with the Office of Special Counsel ("OSC") alleging numerous protected disclosures and reprisals. OSC investigated Ms. Stern's complaint. While OSC did not act on Ms. Stern's complaint as to the allegations involved here, it granted her the right to appeal.[2] OSC's letter authorizing appeal listed ten agency actions that Ms. Stern alleged were taken in reprisal for her protected disclosures and activities, including the "[c]reation of a hostile work environment (including conduct that occurred outside your duty station, such as calling the police to your home to perform a wellness check)." J.A. 189.

Ms. Stern filed an individual right of action ("IRA") whistleblower appeal before the Board. On September 20, 2019, although determining that some of Ms. Stern's claims of retaliation were non-frivolously alleged, the administrative judge determined that Ms. Stern had not non-frivolously alleged that she was subjected to a hostile work environment in reprisal for protected activity.

The administrative judge held a hearing on the various claims over which she found jurisdiction. In an initial decision on April 14, 2020, the administrative judge determined that the agency had demonstrated non-retaliatory

---

[2]    Before an employee may pursue an individual right of action appeal before the Board, the employee must first seek corrective relief from OSC. *See* 5 U.S.C. § 1214(a)(3).

motives for (1) ordering Ms. Stern to work from home, (2) changing her work duties, (3) denying her access to certain tools of her MSC position, (4) giving her a "fully successful" performance rating, and (5) denying her a performance award.

However, the administrative judge determined that the agency did not demonstrate a non-retaliatory motive for some of the charges in Ms. Stern's notice of proposed removal (such as failure to comply with a supervisor's instructions and displaying "disrespectful and rude behavior toward [her] immediate supervisor in email correspondence"). J.A. 26.

The administrative judge's decision became the final decision of the Board on May 19, 2020. Ms. Stern petitioned for review, challenging only the Board's dismissal of her hostile work environment claim. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This Court must affirm the Board's decision unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). However, "we review the Board's conclusion concerning its own jurisdiction without deference." *Holderfield v. Merit Sys. Prot. Bd.*, 326 F.3d 1207, 1208 (Fed. Cir. 2003).

The Board has jurisdiction over an IRA appeal if the appellant exhausted administrative remedies before the OSC and makes nonfrivolous allegations that (1) she engaged in whistleblowing activities by making a protected disclosure or engaging in protected activity under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), and that (2) the disclosure was a contributing factor in the agency's decision to take a personnel action as defined by 5 U.S.C.

§ 2302(a).  *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016).

A hostile work environment can constitute a personnel action for purposes of the Whistleblower Protection Act. *See Sistek v. Dep't of Veterans Affs.*, 955 F.3d 948, 955 (Fed. Cir. 2020) (noting that a hostile work environment can be actionable as a significant change in working conditions under the statute).  Here, the Board determined that Ms. Stern "did not nonfrivolously allege the agency harassed her in reprisal for protected activity" because the conduct alleged did "not approach the threshold of severe or pervasive abuse" required to establish a hostile work environment.  J.A. 48.  It therefore declined to hold a hearing on her hostile work environment claim.

I

We first address whether the Board erred by refusing to hold a hearing on Ms. Stern's allegation that she was subjected to a hostile work environment because she was "denied courteous treatment" by supervisors and co-workers as a result of her disclosures relating to IDES claims processing,  J.A. 215, and her allegations that she was subjected to a wellness check and proposed removal.  As to discourteous treatment, Ms. Stern alleged as follows:

> The IDES office and [VA] managers have been biased in favor of my MSC and Army co-workers, who were permitted to break the IDES rules and regulations without consequence, and I was repeatedly pitted against them by blaming me for causing timeline delays in IDES claims-processing, where I was adhering to the strict letter of the IDES law, rules and regulations.

*Id.*  She also noted that "hostility [was] directed towards [her] as a result of [her] pushing back against those who did not follow IDES rules and regulations, as required by law."  *Id.*

We see no error as to the Board's determination that these allegations of discourteous treatment, even when combined with the wellness check claim and the charges in the proposed removal, did not rise to the level of severe and pervasive conduct needed to establish a hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (explaining in the context of a Title VII claim that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").

## II

Ms. Stern alleges that various other agency actions created a hostile work environment. As to these, whether or not the Board erred in determining that Ms. Stern failed to non-frivolously allege that these actions created a hostile work environment, any such error was harmless. Ms. Stern "failed to establish any reason why the outcome could have been different had the Board" conducted a hearing on the hostile work environment claim. *Sistek*, 955 F.3d at 955–56 (finding harmless error when the Board failed to address whether an allegedly retaliatory investigation constituted a personnel action under the Whistleblower Protection Act because the appellant failed to establish that the challenged action constituted "a significant change of working conditions").[3]

---

[3] *See also Trobovic v. Merit Sys. Prot. Bd.*, 232 F. App'x 958, 963–64 (Fed. Cir. 2007) (finding that the administrative judge erred in failing to address appellant's specific hostile work environment allegations, but determining "that the Board's dismissal was proper" because "[t]he conduct that [the appellant] identifie[d], while regrettable if it occurred, is not sufficiently severe or pervasive to satisfy

A hostile work environment claim under the Whistleblower Protection Act must be proven based on actions that were themselves taken in retaliation for a protected disclosure or activity. *See, e.g.*, *Mikaia v. Dep't of Com.*, No. DC-1221-17-0794-W-2, 2018 MSPB LEXIS 4411, at *39 (M.S.P.B. Nov. 16, 2018) (determining that identified personnel actions must be excluded from a hostile work environment claim because they predated any protected disclosure and thus could not have been retaliatory), *aff'd* 809 F. App'x 899 (Fed. Cir. 2020); *see also Kitlinski v. Merit Sys. Prot. Bd.*, 857 F.3d 1374, 1381 (Fed. Cir. 2017) (determining that the appellant failed to non-frivolously allege a hostile work environment in violation of the Uniformed Services Employment and Reemployment Rights Act because he did not present "an allegation of anti-military animus as the basis for creating a hostile work environment").

Most of the other agency actions identified in Ms. Stern's jurisdictional declaration and not expressly addressed by the Board were not alleged to be taken in reprisal for protected activities. At the same time, the Board found after a hearing that the agency had non-retaliatory motives for taking the remaining non-frivolously alleged reprisals: (1) ordering Ms. Stern to work from home, (2) changing her work duties, (3) denying her access to certain tools of her MSC position, (4) giving her a "fully successful" performance rating, (5) denying her a performance award, and (6) charging her with (a) exercising poor customer service, (b) yelling at a DoD Supervisor, (c) being rude and combative toward the Assistant Veterans Service Center Manager, and (d) displaying disrespectful and rude behavior toward her immediate supervisor.

---

the demanding legal standard of proving that the [agency] intentionally created a hostile work environment that would have coerced an employee . . . to absent himself from work").

Under these circumstances, any error by the Board in not holding a hearing on her hostile work environment claim to consider these allegations was harmless.

**AFFIRMED**

Costs

No costs.