NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TASHIEK TERESSA HAWKINS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3013

---

Petition for review of the Merit Systems Protection Board in case no. DC0752100663-I-1.

---

Decided: May 11, 2011

---

TASHIEK TERESSA HAWKINS, of Bristow, Virginia, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, GAJARSA, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Tashiek Teressa Hawkins, pro se, petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Because we find that the adverse actions Hawkins alleges do not fall within the Board's jurisdiction, we *affirm*.

BACKGROUND

The sparse record in this case consists only of the following. On June 12, 2010, Hawkins resigned from her position as Unit Secretary with the Bureau of Prisons. On June 29, 2010, she appealed to the Board alleging that her resignation was involuntary, submitting the following statement in support of her appeal:

> First, the agency was wrong on the decision of discrimination due to the facts of condoning an ACTING Supervisor to harass me constantly and place me on [absence without leave ("AWOL")] several times after being in an ACTING capacity for ONLY a couple of weeks. Based on my belief, knowledge, and the investigative report, it is obvious that I was being targeted, harassed and treated disparately from all other employees by an ACTING Supervisor who apparently had prejudice [sic] feelings and issues with me as an individual, not an employee. Prior to his ACTING capacity, I was an Exceedingly/Outstanding employee and did not have any other issues with anyone (staff or inmate) regarding job responsibilities or attendance.

Second, the agency was wrong in the decision of retaliation because I was constructively forced to resign. Based on my belief, knowledge, and the investigative report, it is obvious I was trying to maintain employment by exhausting every avenue possible before submitting a letter of resignation i.e., LWOP, FMLA, Transfer, etc. In addition, all of my requests to maintain employment were denied even though I expressed to many managerial officials that due to being placed on AWOL status (and other factors of the initial EEO complaint) and not being paid for those days I was unable to stay afloat of my financial obligations in [North Carolina] and that the only option I had was to move in with my family who all live in the Washington, DC metropolitan area until I could reinstate my financial stability. I was also given false hope that a transfer would be probably which led to the progression of my relocating.

Respondent's Appendix ("RA") 39. Hawkins also requested a hearing before an administrative judge.

Two days later, on July 1, 2010, the Board issued an Acknowledgement Order noting that the Board may lack jurisdiction over Hawkins's appeal because resignation and retirement actions are presumed to be voluntary and, thus, are not appealable. The order stated that "your appeal will be dismissed unless you amend your petition to allege that your resignation or retirement was the result of duress, coercion, or misrepresentation by the agency," and notified Hawkins that she had fifteen days to file evidence and argument establishing the Board's jurisdiction. RA 18. On the same day, the Board issued an Order to Show Cause detailing the law and the relevant jurisdictional standards and tests. This order reiterated that Hawkins must submit evidence within fifte

days.

Hawkins did not respond to the Board's orders and failed to submit any evidence in support of her allegations. Accordingly, on July 29, 2010, the Board issued an Initial Decision dismissing Hawkins's appeal for lack of jurisdiction. *Hawkins v. Dep't of Justice*, MSPB Docket No. DC-0752-10-0663-I-1 (Initial Decision July 29, 2010) ("Initial Decision"). The Board found that Hawkins failed to submit evidence to demonstrate that her working conditions were so intolerable that a reasonable person in her position would have felt compelled to resign. *Id.* at 5. As to Hawkins's assertions about being placed on AWOL status, the Board found that these charges were insufficient to "support a conclusion that the employee was effectively deprived of free choice in the matter such that the employee had no alternative but to resign or retire." *Id.* at 4 (citations omitted). Finally, the Board found that Hawkins was not entitled to a hearing on jurisdiction because she failed to make a non-frivolous allegation that her resignation was involuntary. *Id.* at 5-6.

Hawkins did not petition for review of the Board's Initial Decision, and it became final on September 2, 2010. Hawkins appealed to this court, arguing that the Board "did not take into account any facts," but she did not identify any facts or evidence in particular. She also contends that the Board should have considered relief on the grounds of discrimination or retaliation. We construe these arguments as challenging the Board's ruling that it lacked jurisdiction.

STANDARD OF REVIEW

The Board's determination that it lacked jurisdiction is a question of law that we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Because the Board dismissed Hawkins's appeal without

affording her a jurisdictional hearing, we review the record de novo to determine whether Hawkins raised a non-frivolous allegation of jurisdiction. *Coradeschi v. Dep't of Homeland Sec.*, 439 F.3d 1329, 1332 (Fed. Cir. 2006). "Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (quoting *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002), *overruled on other grounds by Garcia v. Dep't of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc)).

## DISCUSSION

The appellant bears the burden of proof to establish by a preponderance of evidence that the alleged action is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). The Board has limited jurisdiction to hear appeals only from specific adverse actions enumerated by statute, such as removal, a suspension for more than fourteen days, a reduction in grade or pay, or a furlough of thirty days or less. *See* 5 U.S.C. §§ 7701(a), 7512. The Board does not have jurisdiction to hear appeals from voluntary acts. *See Garcia*, 437 F.3d at 1328. "Resignations are presumed voluntary, and the burden of showing that the resignation was involuntary is on the petitioner." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000).

We have adopted a three-part test for establishing involuntary coercion by an agency, which requires that an employee show the following: "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." *Garcia*, 437 F.3d at 1329. The test is an objective one under the totality of the circumstances, requiring a show-

ing that "a reasonable employee confronted with the same circumstance would feel coerced into resigning." *Id.* (citations omitted). Our case law demonstrates that "the doctrine of coercive involuntariness is a narrow one." *Id.* (citing *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).

Applying these standards, we affirm the Board's conclusion that it lacked jurisdiction over Hawkins's appeal. As an initial matter, we note that the record is devoid of sufficient information to find that Hawkins has made a non-frivolous allegation of jurisdiction largely because Hawkins did not respond to the Board's orders to supplement the record. Although Hawkins is proceeding pro se, the Board's orders were clear and unambiguous in stating that it would dismiss Hawkins's appeal unless she submitted additional argument or evidence. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653-54 (Fed. Cir. 1992) ("The court does not expect a pro se litigant to be made to jump through a confusing array of procedural hoops," but "there was nothing mysterious or incomprehensible in the Show Cause Order"). The burden is on Hawkins to establish jurisdiction, and her failure to respond in the face of such an order, given the paucity of her original submission, substantially impairs her ability to satisfy that burden.

The only evidence and argument we have from Hawkins is her initial submission in support of her appeal to the Board, in which she makes two assertions. First, she contends that she was the subject of discrimination when her acting supervisor targeted and harassed her, placing her on AWOL several times. The Board correctly concluded that a charge of AWOL, by itself, is not an appealable adverse action, as it does not fall under any of the types of adverse actions covered in 5 U.S.C. § 7512. In certain circumstances, personnel actions that remove an

employee's duties and cause a loss in pay can be "constructive suspensions" that fall within the Board's jurisdiction. *Perez v. Merit Syst. Prot. Bd.*, 931 F.2d 853, 855 (Fed. Cir. 1991) (citing *Pittman v. Merit Sys. Prot. Bd.*, 832 F.2d 598 (Fed. Cir. 1987)). In this case, because Hawkins did not respond to the Board's Order to Show Cause and Acknowledgement Order, we have no information relating to the circumstances surrounding Hawkins's AWOL placements, including the reasons, terms, or duration of the placements. Accordingly, we cannot conclude that the AWOL placements in this case amounted to a "constructive suspension."

With respect to Hawkins's claims of discrimination and disparate treatment, in the absence of an appealable adverse action, the Board has no jurisdiction to adjudicate discrimination claims. *Garcia*, 437 F.3d at 1342-43. Contrary to Hawkins's contentions to this court, moreover, the Board gave her claims proper attention, noting that "[d]iscrimination allegations in an appeal of an alleged involuntary action are considered by the Board for the limited purpose of determining whether they support a finding of duress or coercion." Initial Decision at 3 (citations omitted). Because Hawkins did not provide any specific evidence or argument to demonstrate that her working conditions were so intolerable that a "reasonable employee confronted with the same circumstance would feel coerced into resigning," *Garcia*, 437 F.3d at 1329, the Board correctly concluded that there was insufficient evidence to support such a finding.

Hawkins's second argument appears to be that being placed on AWOL status resulted in a financial hardship that left her no choice but to resign. Again, we lack any evidence or information surrounding her AWOL status to make any determinations based on that claim. It is also well established that "the fact that an employee is faced

with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats*, 99 F.3d at 1124. Hawkins bears the burden of establishing that her allegations fall within the Board's jurisdiction, and she has failed to meet that burden here. For the same reasons, the Board also correctly concluded that Hawkins was not entitled to a hearing on jurisdiction, as she did to present a non-frivolous allegation that her claim falls within the Board's jurisdiction.

CONCLUSION

For the reasons stated above, the decision of the Board dismissing Hawkins's appeal for lack of jurisdiction is *affirmed.*

COSTS

Each party shall bear its own costs.

**AFFIRMED**