**Homer L. PITTMAN, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 87–3215.

United States Court of Appeals, Federal Circuit.

Nov. 4, 1987.

Neil C. Bonney, White and Selkin, Norfolk, Va., argued for petitioner. With him on the brief was Robert M. White.

Helene M. Goldberg, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before FRIEDMAN and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.

DAVIS, Circuit Judge.

Petitioner Pittman was a First Technician with the Department of the Army. The agency placed him on enforced leave because he could not safely perform the full range of his regular physical duties, consistent with his medical restrictions. He appealed to the Merit Systems Protec-

tion Board (MSPB or Board), 33 M.S.P.R. 67, on the ground that a greater–than–14 day suspension had been imposed on him. The Board held that it lacked jurisdiction because the enforced leave was not a disciplinary action. We reverse.

## I.

The employing agency placed Pittman on enforced leave after determining that it could no longer retain him on a light-duty position and that it had no other position which he was physically capable of performing within his medical restrictions. He had been assigned to a light-duty position after hospitalization for low back pain and sciatica. He was reported as unable to do overhead work, bend, stoop, lift objects over 30 to 40 pounds, do repeated lifting or carrying of objects weighing over 20 pounds, stand, or walk for more than half-an-hour without resting.[1] The agency had considered him for certain supply clerk positions but found that his medical restrictions prevented him from performing in those positions.

Petitioner appealed to the Board, claiming that his placement in enforced leave was a suspension of more than 14 days. His claims were that he had greatly improved and could now perform. The presiding official decided, however, that the action taken against him was not disciplinary in nature and that the MSPB had no jurisdiction. On appeal to the full Board, that tribunal agreed with the conclusion that the "suspension"—if it was such—was not disciplinary. The full Board distinguished between psychological and physical problems—refusing to denominate the latter as disciplinary. Member Devaney dissented.

## II.

Two of our earlier decisions give us helpful guidance in the current case. The first was *Thomas v. General Services Administration*, 756 F.2d 86 (Fed.Cir.1985), and the second was *Mercer v. Department of Health and Human Services*, 772 F.2d 856 (Fed.Cir.1985). Though appealable suspensions of more than 14 days must be "disciplinary," *Thomas* expressly held (756 F.2d at 89):

> Such suspensions—which are ordered because the agency believes that the employee's retention on active duty could result in damage to federal property, or be detrimental to governmental interests, or be injurious to the employee, his fellow workers, or the public—are "disciplinary" in the broader sense of maintaining the orderly working of the Government against possible disruption by the suspended employee (pending the determination of that employee's disability retirement).

*Mercer*, 772 F.2d at 858, repeated this rule and held that part of that employee's suspension "constituted an improper suspension."

The full Board's opinion in the current case distinguished cases with psychological overtones (in which *Thomas* and *Mercer* would apply) from those showing purely physical symptoms (like Pittman's) which would still be beyond MSPB jurisdiction. We see no reason in the statute, legislative history, or regulation for this difference. The effect on the Government's operations as well as on the employee's own interests is the same. *Thomas* and *Mercer* are framed in general principles making no such psychological-physical distinction. As *Thomas* has already indicated (756 F.2d at 89–90), it is hard to believe that the law limits a prolonged suspension (i.e., of more than 14 days) wholly to the agency's own judgment in physical cases while psychological instances would clearly be appealable to the Board. "The actual impact on the employee would be the same, and there would be no adequate reason for distin-

---

**1.** Pittman's position included planning, coordinating and conducting timber cruises and sample surveys; laying out boundaries of timber sale areas; helping organize and participating in the marking of timber; inspecting timber stand improvement operations; and carrying out specific fire control assignments. Sixty percent of his work involved the painting or marking of trees—accomplished with a paint gun weighing approximately twenty-five to thirty pounds, and carried on the back.

guishing between the two (on the question of appealability)." In both instances, indefinite enforced leave is tantamount to depriving the worker of his job—without any review other than by the agency—until the agency itself changes its mind and decides that he can perform his job.[2]

The requirement in *Thomas* that the placement on enforced leave be "pending inquiry" (756 F.2d at 89) is fulfilled here by the demand that the agency continue to monitor Pittman to see whether he has become able to work. "[O]nce an agency learns that its beliefs are unfounded, *i.e.*, that the employee is fit for duty, the employee must be restored immediately to

'active duty status'." *Mercer*, 772 F.2d at 858. The result is that the present case falls directly under *Thomas* and *Mercer* in all respects.

Accordingly, we hold that the MSPB did have jurisdiction of Pittman's case and the case is remanded to the Board for further proceedings.

REVERSED AND REMANDED.

---

**2.** This point was not raised in *Mosely v. Department of the Navy,* 229 Ct.Cl. 718 (1981); and in *Adams v. Department of the Navy,* 31 M.S.P.R. 485 (1986), the Board held that enforced leave due to physical disability constituted an appeal-able suspension. *Adams* was overruled by the full Board in the opinion now under review.