11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nelson R. GREEN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3342.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1993.
 
 Before RICH, MICHEL, PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Nelson R. Green appeals from the split decision of the Merit Systems Protection Board (Board), ruling that petitioner's absence from work was voluntary and, therefore, holding that the Board lacked jurisdiction over his appeal from the termination of his limited duty assignment. We reverse and remand.
 
 DISCUSSION
 
 2
 This court must affirm a decision of the Board unless it finds that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law; (2) obtained without following the procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Green appeals the Board's decision that it has no jurisdiction to hear his appeal. The Board has jurisdiction to hear appeals only from actions specified by law, rule, or regulation. 5 U.S.C. Sec. 7701. A petitioner has the burden of proving by a preponderance of the evidence that jurisdiction exists. 5 C.F.R. Sec. 1206.56(a)(2).
 
 
 4
 The Board has jurisdiction to hear appeals from suspensions of more than 14 days. 5 U.S.C. Sec. 7512. A suspension places an employee in a temporary status without duties and pay. 5 U.S.C. Sec. 7501(2). Certain personnel actions, even though not termed "suspensions" by the agency, may remove an employee's duties and cause a loss of pay, thus producing the same effects as actual suspensions. These "constructive suspensions" are also within the jurisdiction of the MSPB. Perez v. Merit Sys. Protection Bd., 931 F.2d 853, 855 (Fed.Cir.1991). The dispositive inquiry in determining whether an agency has suspended an employee is whether the employee's absence from the agency was voluntary or involuntary. There is no constructive suspension or other agency action appealable to the Board when an employee is voluntarily absent from work. Holloway v. U.S. Postal Serv., 993 F.2d 219, 221 (Fed.Cir.1993). Thus, to establish the Board's jurisdiction based on an alleged suspension, Green must prove that his absence from work was not voluntary.
 
 
 5
 Green relies on the diagnoses of an agency appointed physician and of his personal physician who both advised him that his physical injuries prevented him from returning to the full duties of his regular position. After terminating his light duty assignment, the agency directed Green to report for a fitness for duty examination on January 3, 1991. The agency appointed physician determined that Green's permanent condition, a back-disc problem which was not job related, prevented him from returning to the full duties of his regular position. Green's own physician certified that he was fit for light duty on March 3, 1991.
 
 
 6
 Green contends that his absence from work was not voluntary, but rather, was ordered by the agency when the agency denied his request for light duty work that would accommodate his physical limitations. The agency's letter of January 9, 1991 supports Green's contention. That letter stated:
 
 
 7
 We are unable to grant you a light duty assignment at this time due to physical limitations outlined by your physician. Until such time that your limitations change or improve there is no work available for you.
 
 
 8
 Upon improvement of your physical condition, please contact your supervisor in the event an accommodation compatible with your limitations exists.
 
 
 9
 Board slip op. at 3. The agency denied another request by Green for a light duty assignment in a letter dated March 25, 1991, for the reasons stated in the January 9 letter.
 
 
 10
 The agency's action denying Green a light duty assignment amounts to a constructive suspension appealable to the Board.[1] A reasonable person reading the agency's January 9 letter would conclude that Green would not be permitted to return to work with his current medical restrictions. A reasonable inference can be drawn that, had Green shown up at the work site, the agency would have sent him home on the basis that he could not perform the regular duties of his position and that no work which he could perform was available.
 
 
 11
 This case is similar to Pittman v. Merit Systems Protection Board, 832 F.2d 598 (Fed.Cir.1987). In that case the employing agency placed the petitioner on enforced leave after determining that it could no longer retain him in a light duty position and that it had no other position which he was capable of performing within his medical restrictions. We concluded that this enforced leave was a suspension within the jurisdiction of the Board. Id. at 600. This case is also similar to Barnes v. U.S. Postal Service, 49 M.S.P.R. 21 (1991), in which the agency placed the appellant in a nonduty, nonpay status until work satisfying his medical restrictions became available or his medical restriction changed. The Board found that the agency's action was indistinguishable from Pittman and, therefore, amounted to a constructive suspension over which the Board had jurisdiction. Id. at 26.
 
 
 12
 The Board found that Green's absence for regular duty work was voluntary.[2] The Board stated:
 
 
 13
 [T]he agency did not stop the appellant from assuming his regular duties when it terminated his limited duty position, although it implicitly recognized his belief that he was unable to perform his regular duties because of his injury. [Citations omitted.] Similarly, the agency's letters of January 9, and March 25, 1991 which denied the appellant's light duty requests, did not order him to stay away from the workplace until he submitted evidence that he was medically able to perform the duties of his former position.
 
 
 14
 Board op. at 8. The Board attempted to distinguish Barnes because the agency here did not formally place Green on nonduty, nonpay status as the agency had in Barnes.
 
 
 15
 However, the fact that an agency does not take formal action regarding an employee's status cannot control whether the employee's absence is voluntary without elevating form over substance. The agency refused to give Green work that he could perform even though Green requested such work. Certainly, Green's absence from light duty work was not voluntary.
 
 
 16
 The Board states, however, that Green's absence from regular duty work was voluntary simply because the agency did not place him on a formal nonduty, nonpay status list. This cannot be correct for two reasons. First, the agency, through its appointed physician, acknowledged that Green could not perform his regular duties. This acknowledgement is much more than simply "implicitly recogniz[ing] his belief that he was unable to perform his regular duties," as the Board characterized the situation. The agency held the same "belief" that Green was unable to perform his regular duties. It is nonsensical for the Board to suggest that Green had the real option of choosing to do work that two physicians stated he could not perform.
 
 
 17
 Secondly, the agency's letter of January 9 implies that the agency will not allow Green to perform regular duty work in his present condition when it states, "[u]ntil such time that your limitations change or improve there is no work available for you." The Board's conclusion that Green's absence from work was voluntary is not supported by substantial evidence because the only evidence of the agency's intent to allow Green to work is the January 9 and March 25 letters. These letters only support a finding that the agency would not allow Green to perform light duty or regular duty work, contrary to the Board's position that the January 9 letter "did not stop the appellant from assuming his regular duties when it terminated his limited duty position."
 
 
 18
 The Board's own statement belies its position. Following the block quote above, the Board stated, "these letters recognized the possibility that such work might be available if the appellant's condition improved." Board op. at 8. The obvious implication of this statement is that work is not available if Green's condition does not improve.
 
 
 19
 We conclude that Green's absence from work was not voluntary and that the agency's actions denying him light duty work amounted to a constructive suspension. The Board's decision to the contrary is unsupported by substantial evidence and not in accordance with law. Accordingly, we reverse the Board's dismissal of Green's appeal for lack of jurisdiction and remand this case to the Board for further proceedings consistent with this opinion.
 
 COSTS
 
 20
 Each party shall bear its own costs.
 
 
 
 [1]
 The agency may have legitimate reasons for not providing Green with light duty work that satisfies his medical restrictions. This issue goes to the merits of Green's appeal to the Board which we do not address when reviewing a dismissal for lack of jurisdiction
 
 
 [2]
 The Board affirmed but modified the initial opinion of the Administrative Judge (AJ). The AJ also found that Green's absence was voluntary and dismissed the appeal for lack of jurisdiction. The AJ found that Green initially absented himself from work based on his own physician's recommendation and that he did not attempt to return to his regular duties even though he had not requested sick or annual leave. Thus, the AJ concluded that the agency was entitled to place the appellant on a nonduty, nonpay status because it had no obligation to continue Green's limited duty assignment[3]
 
 
 [3]
 The AJ's decision partially confuses the question of jurisdiction with the merits of Green's claim that the agency must either give him a light duty assignment or grant him disability retirement. As explained below, Green's absence was not voluntary and the agency's actions amounted to a constructive suspension. Consequently, the Board has jurisdiction to decide whether the suspension was proper. The AJ's decision that the agency was entitled to take the actions it did decides the merits of Green's claim, not whether his absence was voluntary. Thus, dismissal for lack of jurisdiction on these grounds was improper