NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3138

ELLA M. ALSTON,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED: May 31, 2005

_____

Before MAYER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

Opinion for the court filed PER CURIAM. Opinion dissenting in part and concurring in the judgment filed by Circuit Judge DYK.

PER CURIAM.

Ella M. Alston ("Alston") appeals the decision of the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction because it found that Alston initiated her absence by failing to provide requested medical documentation. Alston v. Soc. Sec. Admin., PH0752010374-I-2 (MSPB Dec. 4, 2003) We affirm.

Alston, an employee of the Social Security Administration ("agency"), submitted a note from her physician requesting sick leave between April 11 and April 21, 2000. On April 19, Alston returned to the office to pick up some papers and got into an altercation with a supervisor. As a result, Alston was escorted off the property and placed on administrative leave with pay. On May 3, Alston received a letter from the agency requesting that she submit medical documentation within two weeks detailing whether she was capable of returning to work. Alston failed to meet this deadline and was placed on Leave Without Pay ("LWOP") on May 18.

The administrative judge found that Alston had been constructively suspended and, therefore, that the board had jurisdiction over her claims. The full board reversed, finding instead that Alston herself initiated her absence from work "by telling the agency that she would not be returning to work for an extended period of time" due to her illness and because she failed to give the agency the requested medical documentation.

We disagree with the board's reliance on Alston's absence from work between April 11 and April 21 due to illness. The record clearly shows that Alston informed the agency that she would be absent for a specified period of time, not indefinitely. Contrary to Alston's suggestion, however, the period from April 19 through May 17 is similarly irrelevant to the board's jurisdiction because Alston was on paid administrative leave, which cannot qualify as a constructive suspension. See Henry v. Dep't of Navy, 902 F.2d 949, 954 (Fed. Cir. 1990) (holding that a period of paid leave does not qualify as a suspension); see also Holloway v. United States Postal Serv., 993 F.2d 219, 221 (Fed. Cir. 1993) (explaining that Pittman v. Merit Systems Protection Board, 832 F.2d 598 (Fed. Cir. 1987), applies only to employees who are placed on enforced leave

without pay pending receipt of medical documentation).  Alston's absence after May 18, when she was placed on LWOP, likewise fails to qualify as a constructive suspension.  Alston herself was responsible for failing to provide the necessary medical documentation and, therefore, is considered to have initiated this period of unpaid leave.  See Perez v. Merit Sys. Prot. Bd., 931 F.2d 853, 855 (Fed. Cir. 1991) (holding that an employee who fails to provide medical documentation requested by the board is responsible for initiating a subsequent suspension without pay).

04-3138

3

NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3138

ELLA M. ALSTON,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

DYK, Circuit Judge, dissenting in part and concurring in the judgment.

I concur in the result reached by the majority but on different grounds.  Contrary to the majority, I think that the Board's finding that petitioner voluntarily initiated the indefinite medical leave is supported by substantial evidence.  However, I conclude that, if the Board's finding is not sustained, we must reverse.

"[I]ndefinite enforced leave is tantamount to depriving the worker of his job—without any review other than by the agency—until the agency itself changes its mind and decides that he can perform his job."  Pittman v. Merit Sys. Prot. Bd., 832 F.2d 598, 600 (Fed. Cir. 1987).  The agency's action in such a situation is a constructive suspension appealable to the Board.

The Board has created a limited exception to the rule that forced leave is equal to a constructive suspension.  We approved that exception in Perez v. Merit Systems Protection Board, 931 F.2d 853 (Fed. Cir. 1991).  But, contrary to the majority, the Perez exception does not apply here.  In Perez, the employee voluntarily requested sick leave and refused to return to work.  Id. at 854.  The agency demanded medical

evidence to justify the sick leave, and in the absence of such documents deemed Perez to be absent without leave. The Board held, and we agreed, that there was no constructive suspension. Perez holds only that there is no constructive suspension when an employee voluntarily initiates indefinite sick leave.

According to the majority's own view of the facts, however, this case is not like Perez. The majority concludes that the petitioner here never requested indefinite leave, but was placed on enforced unpaid leave by the agency because she refused to submit medical documentation. The majority nonetheless holds that there is no constructive suspension because "Alston herself was responsible for failing to provide the necessary medical documentation and, therefore, is considered to have initiated this period of unpaid leave." Ante at 3. That is, according to the majority, Alston "voluntarily" initiated leave by refusing to satisfy the agency's demands for documentation. In my view, nothing in Perez, or any other case, suggests that an agency can escape Board review of a constructive suspension by involuntarily placing an employee on indefinite leave without pay for failing to produce medical documentation. I am unable to agree with the majority that an agency has such authority with respect to its employees.[1]

For these reasons, I concur in the judgment only.

---

[1] I agree with the majority that there was no constructive suspension before May 18, 2000, because Alston was on paid leave. However, I do not think an initial period of paid leave affects the reviewability of a subsequent period of enforced unpaid leave.