**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 47**

Docket No. DC-0752-12-0366-I-1

**Mary A. Abbott,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

June 23, 2014

Allison E. Eddy, Esquire, Virginia Beach, Virginia, for the appellant.

Jasmin A. Dabney, Landover, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has petitioned for review of the initial decision that dismissed her appeal of her placement on enforced leave for lack of jurisdiction. For the reasons set forth below, we GRANT the appellant's petition and REMAND this appeal for adjudication on the merits.

## BACKGROUND

¶2      The following facts, as set forth in the initial decision, are undisputed: the appellant held the position of EAS-17 Supervisor, Customer Services at the Denbigh Postal Station in Newport News, Virginia. Initial Appeal File (IAF),

Tab 43, Initial Decision (ID) at 2.  The appellant submitted a request to work a light-duty assignment on December 29, 2011.  ID at 2.  Subsequently the Officer-In-Charge denied the appellant's request on the ground that there was no work available within the appellant's medical restrictions.  ID at 2.

¶3        On January 6, 2012, the agency proposed to place the appellant on enforced leave because there was no available work within her medical restrictions.  ID at 2; *see* IAF, Tab 8 at 61.  After granting the appellant an opportunity to reply to the notice, by letter dated February 6, 2012, the agency issued a final decision effecting the enforced leave action against her on February 8, 2012.  ID at 2; IAF, Tab 8 at 17-18, 57.

¶4        On February 9, 2012, the appellant filed the instant appeal in which she challenged the agency's enforced leave action against her.  IAF, Tab 1.  After a jurisdictional hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that the agency's action constituted a constructive suspension.  ID at 10.  The administrative judge also determined that, absent an otherwise appealable action, the Board lacked jurisdiction to consider the appellant's affirmative defenses.  *Id.*

¶5        The appellant has filed a petition for review of the initial decision, and the agency has submitted a response in opposition to the appellant's petition.  Petition for Review File, Tabs 1, 3.

## ANALYSIS

¶6        The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation.  *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991).  These appealable actions include suspensions for more than 14 days.  5 U.S.C. § 7512.  A "suspension" is the temporary placement of an employee in a nonpay, nonduty status.  5 U.S.C. § 7501(2).  This definition covers not just unpaid absences but also an agency's placement of an employee on sick or annual leave against her

will.  *Yarnell v. Department of Transportation*, 109 M.S.P.R. 416, ¶ 10 (2008).  For jurisdictional purposes, whether the employee was able to perform her regular duties is immaterial.  *Id.*  Rather, the only question is whether the employee's placement in a leave status was voluntary or involuntary; only the latter is appealable.  *Id.*

¶7        As we recently explained in *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013), the Board has long recognized that certain leaves of absence may also be appealable under chapter 75 as constructive suspensions.  Specifically, in *Bean*, the appellant alleged that leave that appeared to be voluntary actually was not.  *Id.*, ¶ 8 n.3.  Such appeals typically involve employee-initiated absences in which the appellant alleges that:  (1) she lacked a meaningful choice, and (2) the absence was caused by the agency's improper actions.  *Id.*, ¶¶ 9-11; *see Boudousquie v. Department of the Air Force*, 102 M.S.P.R. 397, ¶ 10 (2006) (an agency's misleading statements that the appellant must request leave without pay status may support a finding of constructive suspension); *Peoples v. Department of the Navy*, 83 M.S.P.R. 216, ¶¶ 6-9 (1999) (involving allegations of constructive suspension on the basis that the appellant's absences were the result of intolerable working conditions).

¶8        In constructive adverse action appeals, nonfrivolous allegations do not establish jurisdiction; rather, the appellant must prove by preponderant evidence that the action was involuntary to establish Board jurisdiction.  *Heath v. U.S. Postal Service*, 107 M.S.P.R. 366, ¶ 6 (2007); *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc).  The jurisdictional issue in such appeals is often dispositive.  That is, if the appellant fails to meet her burden of establishing by preponderant evidence that she was constructively suspended, the appeal will be dismissed because the Board lacks jurisdiction over appeals of employees' voluntary actions.  *See Perez*, 931 F.2d at 854 (placement of an employee in a nonpay, absence without leave status, even for longer than 14 days, was not an action appealable to the Board because the

employee voluntarily absented himself, and it was his, not the agency's choice, to remain away from work after his request for paid sick leave was denied). Because such constructive suspensions are often effected without notice, however, if the appellant establishes jurisdiction, the Board will reverse the agency's action on due process grounds without proceeding to the merits. *E.g.*, *Crutch v. U.S. Postal Service*, 119 M.S.P.R. 460, ¶ 12 (2013); *Bannister v. General Services Administration*, 42 M.S.P.R. 362 (1989).

¶9        The instant appeal, however, is not a case in which an appellant alleges that leave that appears to be voluntary actually is not.  Rather, it concerns the agency's placing the appellant on enforced leave.  In *Pittman v. Merit Systems Protection Board*, 832 F.2d 598, 599–600 (Fed. Cir. 1987)*,* our reviewing court held that placement of an employee on enforced leave due to his medical condition, which prevented him from performing in any available position, constituted an appealable suspension of more than 14 days.[*]  Subsequently, however, the Board, in several cases beginning with *Childers v. Department of the Air Force*, 36 M.S.P.R. 486, 488-89 (1988), mischaracterized *Pittman* as holding that "placement in enforced leave status for more than fourteen days, based on alleged physical or mental disability, constitutes a *constructive* suspension appealable to the Board."  (Emphasis added).  *See also, e.g.*,

---

[*] Although appealable suspensions of more than 14 days must be "disciplinary," our reviewing court has held that suspensions that are

> ordered because the agency believes that the employee's retention on active duty could result in damage to federal property, or be detrimental to governmental interests, or be injurious to the employee, his fellow workers, or the public [] are "disciplinary" in the broader sense of maintaining the orderly working of the Government against possible disruption by the suspended employee . . . .

*Pittman*, 832 F.2d at 599 (quoting *Thomas v. General Services Administration*, 772 F.2d 86, 89 (Fed. Cir. 1985)).

*Rutherford v. U.S. Postal Service*, 112 M.S.P.R. 570, ¶ 9 (2009); *White v. U.S. Postal Service*, 45 M.S.P.R. 219, 221 (1990); *Green v. Department of the Navy*, 37 M.S.P.R. 582, 585 (1988). As a result, the Board has adjudicated many claims involving an agency's placement of an employee on enforced leave as alleged constructive suspensions. *See, e.g.*, *Crutch*, 119 M.S.P.R. 460, ¶ 6 (an employee's involuntary absence for more than 14 days that results in a loss of pay or forces her to take leave that she did not intend to use is a constructive suspension within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and 7513(d)).

¶10    We now clarify that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction. *Pittman*, 832 F.2d at 599–600; *Norrington v. Department of the Air Force*, 83 M.S.P.R. 23, ¶ 8 (1999); *see* 5 U.S.C. §§ 7512(2), 7513(d), 7701(a). To the extent that the Board has in past decisions adjudicated such appeals using the jurisdictional framework for constructive suspensions, those decisions are overruled. The suspensions under these circumstances are not "constructive," and the case law concerning constructive suspensions is inapplicable. Rather, to sustain such suspensions, the agency must prove by preponderant evidence that the charged conduct occurred, that a nexus exists between the conduct and service efficiency, and that the penalty is reasonable. *Norrington*, 83 M.S.P.R. 23, ¶ 8; *see Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997).

¶11    Here, as stated above, the administrative judge adjudicated the appellant's claim that she was placed on enforced leave using the Board's framework for adjudicating appeals of alleged constructive suspensions. ID at 10. Because there is no dispute that the agency placed the appellant in an enforced leave status for more than 14 days against her will, the agency's action constitutes an appealable suspension within the Board's jurisdiction. Moreover, the agency has provided the appellant a proposal notice and a final decision on the proposed

action. Therefore, we REMAND this appeal for adjudication on the merits. In addition, because we have determined that the Board has jurisdiction over the appeal, the administrative judge should adjudicate the appellant's affirmative defenses of due process, harmful procedural error, disability discrimination, and disparate treatment.

## ORDER

¶12 We REMAND this appeal to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.