**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 76**

Docket No. SF-0752-13-0217-I-1

**Marco A. Romero,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

September 24, 2014

Zepuor Parsanian, Tujunga, California, for the appellant.

Kristen Walker, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction and found that he did not prove his affirmative defense of retaliation for equal employment opportunity (EEO) activity. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order. We VACATE the administrative judge's analysis of the appellant's retaliation claim and conclude that the appellant's evidence in this regard does not warrant a different outcome on the jurisdictional issue.

## BACKGROUND

¶2     Starting in October 2012, the appellant was absent from his position as an EAS-17 Supervisor, Customer Services due to chronic headaches.  Initial Appeal File (IAF), Tab 5 at 17-18; *see* Hearing Compact Diskette (CD); *see also* IAF, Tab 5 at 21 (explaining that the appellant has a diagnosis of post-traumatic stress disorder and suffers from headaches and tinnitus).  On January 23, 2013, the appellant filed a Board appeal, claiming that he was released to return to work on December 24, 2012, but had not been returned to work.  IAF, Tab 1;[1] *see* IAF, Tab 5 at 14-20 (request for accommodation and work capacity report).  The appellant raised an affirmative defense of disability discrimination.  IAF, Tab 1. The administrative judge found that the appellant made a nonfrivolous allegation of jurisdiction.  IAF, Tab 10.  The appellant withdrew his claim of disability discrimination and, instead, raised a claim of retaliation for protected EEO activity.  IAF, Tab 14.  A hearing was held.  *See* Hearing CD.

¶3     The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 31, Initial Decision (ID).  The administrative judge found that, at the time the appellant filed his appeal, he had not been cleared to work in his assigned duties, and the agency met its burden to show that no work was available within his restrictions.  ID at 6.  The administrative judge also found that, subsequent to the filing of the initial appeal:  (1) the agency met its burden to show that it reasonably determined that there was no supervisory work available within the appellant's restrictions and offered him other work that was consistent with his restrictions during a February 8, 2013 district reasonable accommodations committee (DRAC) meeting; (2) the appellant declined such

---

[1] Although the appellant checked the box in his initial appeal paperwork for "Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement," IAF, Tab 1, it does not appear that the appellant's condition was a compensable injury. Thus, we do not analyze this matter as a restoration appeal. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 13 n.7.

work; (3) the appellant delayed providing the agency with a February 11, 2013 note, which stated that he only needed hearing protection and that his hours should not exceed 12 hours per day; and (4) when the agency finally received the documentation at the end of March 2013, it returned him to work "within a reasonable time." ID at 7 & n.4. The administrative judge concluded that any delay involved in the appellant's return to work in his Supervisor position on April 1, 2013, was justified because the medical documentation presented to the agency was insufficient to allow the agency to make a reasoned determination as to the nature of the appellant's condition, whether he could perform the essential functions of his position with or without limitations, and whether it had work available that he could perform within those limitations. ID at 7. The administrative judge therefore determined that the appellant failed to meet his jurisdictional burden to establish that an appealable suspension occurred. ID at 7-8. Finally, the administrative judge found that the appellant did not prove his affirmative defense of retaliation for protected activity. ID at 8.

¶4          The appellant filed a petition for review, and the agency filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

¶5          As the Board recently discussed in *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013), and *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014), certain leaves of absence may be appealable under chapter 75 as constructive suspensions. *Abbott*, 121 M.S.P.R. 294, ¶ 7; *Bean*, 120 M.S.P.R. 397, ¶ 7. In *Bean*, the appellant began taking a large amount of sick leave, annual leave, and leave without pay in order to avoid having to work on his regular tour because it would have required him to work into the night, contrary to his doctor's recommendations. *Bean*, 120 M.S.P.R. 397, ¶ 4. Although the appellant requested reasonable accommodations and submitted supporting medical documentation, it appears that the agency was never able to find an

4

accommodation upon which the parties could agree. *Id.* The administrative judge construed the appellant's subsequent Board appeal as a constructive suspension claim and dismissed it for lack of jurisdiction without conducting a jurisdictional hearing, finding that the appellant's choice between working after dark and requesting leave was perhaps unpleasant but nevertheless voluntary. *Id.*

¶6          In *Bean*, the Board granted the appellant's petition for review and remanded the appeal for further adjudication. *Id.*, ¶ 1. It found that the essence of the appellant's claim was that he was compelled to take leave because his only alternative was to work after dark, in violation of his doctor's orders, and that the agency forced him into this untenable position by improperly taking him off of the tour 2-day shift and otherwise failing to accommodate his condition. *Id.*, ¶ 14. The Board determined that the appellant's allegations, if proven, could establish that he lacked a meaningful choice in the matter and that it was the agency's improper actions that deprived him of that choice. *Id.* It disagreed with the reasoning in prior Board cases suggesting that an appellant's "unpleasant" choice between taking leave and returning to work outside of his medical restrictions was voluntary, rejecting the premise that working outside of medical restrictions is somehow a viable option. *Id.*, ¶ 13. The Board thus concluded that the appellant made a nonfrivolous allegation that he was subjected to an appealable constructive suspension and remanded the appeal for further development of the record and a jurisdictional hearing. *Id.*, ¶ 14.

¶7          By contrast, in *Abbott*, the appellant never voluntarily absented herself from duty and her appeal did not concern a claim that leave that appeared to be voluntary actually was not. Rather, she submitted a request to work a light-duty assignment. *Abbott*, [121 M.S.P.R. 294](#), ¶ 2. The agency denied her request on the ground that there was no work available within her medical restrictions. *Id.* It thereafter proposed to place the appellant on enforced leave because there was no available work within her medical restrictions and, after granting her an opportunity to reply to the notice, issued a final decision effecting the enforced

leave action. *Id.*, ¶ 3. The administrative judge adjudicated the appeal as an alleged constructive suspension and dismissed it for lack of jurisdiction. *Id.*, ¶ 4. The Board reversed, noting that in *Pittman v. Merit Systems Protection Board*, 832 F.2d 598, 599-600 (Fed. Cir. 1987), our reviewing court held that placement of an employee on enforced leave due to his medical condition, which prevented him from performing in any available position, constituted an appealable suspension of more than 14 days. *Id.*, ¶ 9. The Board held that suspensions under these circumstances are not "constructive" and the case law concerning constructive suspensions is inapplicable. *Id.*, ¶ 10. Rather, to sustain such suspensions, the agency must prove by preponderant evidence that the charged conduct occurred, that a nexus exists between the conduct and service efficiency, and that the penalty is reasonable. *Id.* Because there was no dispute that the agency placed the appellant in an enforced leave status for more than 14 days against her will, the Board held that the agency's action constituted an appealable suspension within the Board's jurisdiction. *Id.*, ¶ 11. Because the agency provided the appellant a proposal notice and a final decision on the proposed action, the Board remanded the appeal for adjudication of the merits and the appellant's affirmative defenses. *Id.*

¶8        Like *Bean*, the instant case is an appeal of a constructive suspension insofar as it concerns a claim that leave that appeared to be voluntary actually was not. Specifically, although the appellant was initially voluntarily absent from his position due to chronic headaches, his absence arguably became involuntary once he expressed his intent to return to work on December 24, 2012, and the agency was unable to find him work within his restrictions. *See Bean*, 120 M.S.P.R. 397, ¶¶ 13-14. Thus, to establish jurisdiction under these circumstances, the appellant must prove by preponderant evidence that: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Id.*, ¶ 8.

¶9        Here, once the appellant was medically released to return to work with medical restrictions, the agency's decision not to return him to work deprived him of a meaningful choice in the matter. Thus, the appellant satisfied the first prong under *Bean*.[2] However, we have reviewed the documentary and testimonial evidence, and, for the reasons discussed below and in the initial decision, we conclude that the agency did not act improperly in refusing to allow the appellant to return to work. Thus, the second prong under *Bean* has not been satisfied, and the Board lacks jurisdiction over this constructive suspension appeal.

¶10       In pertinent part, the record reflects that the agency received a work capacity report which indicated that the appellant could return to work on December 24, 2012, that his condition "can be augmented with stress," and that his work should be limited to 8 hours per day. IAF, Tab 5 at 18-19; *see id.* at 21 (a separate December 19, 2012 note indicated that the agency should "not assign [the appellant] duties in a stressful environment"). The agency's Occupational Health Nurse Administrator testified that the information contained in the work capacity report caused her to send clarification requests to the appellant's primary care physician and neurologist in late December 2012, and both doctors checked "no" to a question about whether the appellant "was safe and medically cleared to return to the work environment." *See* Hearing CD; *see also* IAF, Tab 5 at 12 (the appellant's primary care physician[3] stated on December 27, 2012, that his "symptoms are exacerbated by stress and by loud noises" and he recommended "a

---

[2] It could be argued that once the appellant sought to return to work and was prevented from doing so for more than 14 days, the action became an appealable suspension under *Abbott* rather than a constructive suspension under *Bean*. However, while the agency's refusal to allow the appellant to return to work is the immediate cause of his absence, the proximate cause is arguably his failure to meet the conditions of the agency's "clearance to return to work" policy. The analytical framework in *Bean* contemplates the development of the record on both of these issues.

[3] Arthur Gomez, M.D., appears to be the appellant's primary care physician, but Galyn Rees, M.D., signed the clarification request. *See* IAF, Tab 5 at 12.

more stable work hour schedule, less stress and less noise in [a] working environment"); *id.* at 13 (the appellant's neurologist stated on December 26, 2012, that when the appellant's headaches are severe, "they will impair his attention and concentration," and the neurologist recommended "either a change in his job duties to more stable hours or an environment where he is not exposed to noises").

¶11     Given the significant restrictions of less stress, less noise, and less hours, we find that there was not any improper or wrongful agency action. To the contrary, the record reflects that the agency worked diligently to find the appellant a position that met these restrictions, it held two DRAC meetings, it reasonably determined that a supervisory position did not meet these restrictions, and it offered the appellant three nonsupervisory positions. Moreover, when the agency finally learned at the end of March 2013, that the appellant could return to work with only hearing protection and hours not to exceed 12 hours a day, *see* IAF, Tab 9 at 9 (February 11, 2013 note); IAF, Tab 28, Exhibit 1 (March 28, 2013 note), the agency promptly returned him to work in his Supervisor position on April 1, 2013. *See* Hearing CD.[4]

¶12     On review, the appellant appears to contend that there were other, vacant, supervisory EAS-17 positions available that were within his medical restrictions. *See* PFR File, Tab 1 at 2-3 (discussing the EAS-17 Business Development Specialist and EAS-17 Supervisor of Statistical Programs vacancies). The record does not support this assertion. Indeed, the agency witnesses credibly testified that the only positions available within the appellant's multiple restrictions were

---

[4] There was testimony that the appellant did not return to work after April 6, 2013, and was placed on enforced leave on this date. *See* Hearing CD. During the hearing, the administrative judge stated that the agency's proposed action in this regard was not the subject of the instant appeal. *See id.* If the appellant wishes to pursue an appeal regarding the agency's action starting on April 6, 2013, he should file a separate Board appeal with the Western Regional Office. The Board takes no position on whether it would have jurisdiction over such an appeal.

nonsupervisory positions. *See* Hearing CD. The appellant's "belief [that] he could perform supervisory duties," PFR File, Tab 1 at 2, does not change our disposition. Even if the vacancies in question were not limited to "impacted employees," IAF, Tab 9, Exhibits 3-4, we are not persuaded that a supervisory position—an inherently stressful position—could have satisfied the appellant's documented restrictions. For these reasons, we modify the administrative judge's analysis of the jurisdictional issue, and we conclude that the Board lacks jurisdiction over the appeal.

¶13 Regarding the appellant's "affirmative defense" of retaliation for protected EEO activity, the administrative judge found that the appellant did not meet his burden of proof because he "did not testify, or present any [evidence] whatsoever, in support of this claim." ID at 8. Having concluded that the Board lacked jurisdiction over the constructive suspension appeal, however, it was improper for him to separately adjudicate this "affirmative defense," and we vacate the initial decision in this regard. We have considered the appellant's retaliation claim as part of our analysis of whether the agency acted improperly, but we are not persuaded that a different outcome is warranted.

## ORDER

¶14 The initial decision is AFFIRMED as MODIFIED by this Opinion and Order. This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.