*1348 DYK, Circuit Judge,
dissenting.
The majority in this case affirms the Board’s dismissal of Mr. Rosario’s case for lack of jurisdiction. Unfortunately, the panel majority, the Board, the agency, and the petitioner himself view the case as involving an alleged constructive suspension' — 'that is, a purportedly voluntary act that is, in fact, involuntary. In my view this is not a true constructive suspension case in which an employee’s facially voluntary leave is, in fact, coerced and involuntary. Instead, under our court’s precedent, Mr. Rosario’s absence is properly viewed as a facially involuntary suspension over which the Board has jurisdiction.
It is undisputed that in June of 2012, Mr. Rosario contacted his supervisor at the Corps, Mr. Castillo, asking to return from sick leave on July 2, 2012. Mr. Castillo refused to permit him to return to work absent medical documentation establishing that Mr. Rosario was able to perform his job safely and capably. As the majority opinion describes, “[w]hen Mr. Rosario was able to resume working, the Corps conditioned his return on the provision of a medical release in which his physician addressed the history of his medical condition, his prognosis, including estimated date of recovery, and an explanation of the impact of the medical condition, including any resultant medical restrictions and the reasons for them.” Maj. Op.' at 1345. Between July 2 and November 18, 2012, the employee asked to work, and the agency prevented him.[1]
This case is governed by Pittman v. Merit Systems Protection Board, 832 F.2d 598 (Fed. Cir. 1987). There, we reviewed the Army’s decision to place an employee “on enforced leave after determining that it could no longer retain him on a light-duty position and that it had no other position which he was physically capable of performing within his medical restrictions.” Id. at 599. We held that this enforced leave constituted an appealable suspension of more than 14 days.[2] Id. at 600. “[Ijndefinite enforced leave is tantamount to depriving the worker of his job — without any review other than by the agency — • until the agency itself changes its mind and decides that he can perform his job.” Id.
As in Pittman, Mr. Rosario’s leave was “a suspension for more than 14 days.” 5 U.S.C. §7512(2). Under § 7513(d), “[a]n employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title.” 5 U.S.C. § 7513(d). We held in Garcia that “jurisdiction under § 7512 is established if and when a claimant shows that he or she is, in fact, a covered employee as required by the statute and that the agency took one of the enumerated actions in § 7512 against the claimant.” Garcia v. Dep’t of Homeland Sec., 437 F.3d 1322, 1327-28 (Fed. Cir. 2006) (en banc). Mr. Rosario has met this burden.
A constructive suspension, by contrast, exists when an employee’s facially voluntary leave is, in fact, coerced and involuntary. “A constructive adverse action arises when an agency’s conduct leaves an employee no alternative but for the employee, *1349 involuntarily, to impose the adverse action on himself or herself.” Id. at 1324. The MSPB has previously distinguished an enforced leave from a true constructive suspension. In Abbott v. United States Postal Service, the Board reviewed Pittman and noted that “an agency’s placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board’s jurisdiction.” 121 M.S.P.R. 294, 298 (M.S.P.B. 2014) (citing Pittman, 832 F.2d at 599-600). Abbott held that “suspensions under these circumstances are not ‘constructive,’ and the case law concerning constructive suspensions is inapplicable.” Id. This is a meaningful distinction, as the petitioner in a non-constructive suspension case does not need to clear the additional jurisdictional hurdle of proving the involuntariness of his absence from work. Mr. Rosario’s claim is not a constructive suspension claim because he was barred from returning to work by the agency.
The Board’s decision does not mention Pittman, and its appeal brief dismisses the decision in passing, noting that “what the petitioner has alleged in this matter” is a constructive suspension, not an enforced leave suspension. Resp’t’s Br. at 24 n.3. While Mr. Rosario framed his petition and now frames his appeal in terms of constructive suspension, we cannot, because of that error, apply an incorrect jurisdictional framework. Indeed, it is well established that we are obliged to decide jurisdictional questions without regard to a petitioner’s erroneous positions on jurisdictional issues. “[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review....” Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (citation and internal quotation marks omitted). “When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. Subject-matter jurisdiction can never be waived or forfeited.” Gonzalez v. Thaler, — U.S. -, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012) (internal citation omitted); see also 14D Charles Alan Wright et al., Fed. Practice & Procedure § 3801 (4th ed. 2013) (“Subject matter jurisdiction ... cannot be waived by the parties.”). “The Board has jurisdiction to determine whether a resignation was voluntary or involuntary because it has jurisdiction to determine its jurisdiction, as do its AJ’s.” Cruz v. Dep’t of the Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc).
To be sure, the agency may have been justified in refusing to permit Mr. Rosario to return to work. An agency with reasonable concerns should have the authority to require a long-absent employee to submit documentation of fitness to work as a condition of return. But the propriety of an agency’s decision to bar an employee from work for failure to submit medical documentation is a merits question, not a jurisdictional one. I would reverse the MSPB’s dismissal for lack of jurisdiction and remand with instructions to consider the merits of Mr. Rosario’s claim. I respectfully dissent.

. After the agency refused to let him return, Mr. Rosario chose to use leave rather than risk being placed in AWOL status. But that does not transform his facially involuntary suspension into a voluntary one.

. Although the statute defines a “suspension” as “the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay,” 5 U.S.C. § 7501(2) (emphasis added), Pittman held that enforced leaves qualify, because such suspensions "are 'disciplinary’ in the broader sense of maintaining the orderly working of the Government against possible disruption by the suspended employee,” 832 F.2d at 599 (quoting Thomas v. Gen. Servs. Admin., 756 F.2d 86, 89 (Fed. Cir. 1985)).