**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 34**

Docket No. DC-0752-16-0013-I-1

**Stephanie D. Thomas,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

September 27, 2016

Erik D. Snyder, Esquire, and Edward H. Passman, Esquire, Washington,
D.C., for the appellant.

Denise Gillis, Quantico, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      This case is before the Board on the appellant's petition for review of the
initial decision, which dismissed her constructive suspension appeal for lack of
jurisdiction.  For the reasons set forth below, we GRANT the appellant's petition,
VACATE the initial decision, and REMAND the appeal for further proceedings,
consistent with this Opinion and Order.

BACKGROUND

¶2      The appellant, a Program Analyst employed with the Regional Contracting
Office at Marine Corps Base Quantico, Virginia, filed a request for reasonable

accommodation on June 4, 2012, citing her condition of allergic rhinitis due to mold, carpet mites, and other allergens throughout her building (Building 2010). Initial Appeal File (IAF), Tab 29 at 16-17. She stated that increased exposure limited her ability to perform her duties due to increased migraine headaches, chest pains, coughing, and itching, and that exposure to the allergens could cause asthma if she were not removed from them. *Id.* at 16. She asked to be allowed to temporarily telework or, in the alternative, to work in another facility, until the allergens were completely removed, *id.* at 17, and she submitted supporting information from her doctor, *id.* at 37, and numerous photographs of the work site, *id.* at 18-36. The agency permitted the appellant to telework while Building 2010 underwent renovation, after which she was directed to return to duty, and she did so. *Id.* at 38-39. However, soon after, the appellant notified the agency that she had tested positive for mold and that her symptoms had returned. *Id.* at 43. She again requested that she be provided an allergen-free workplace. *Id.* at 44. In response, the agency sought additional information from the appellant's physician including the nature, severity, and duration of her condition and impairment, an explanation of the impact of her condition on her activities, the extent to which her impairment limited her ability to perform activities, an explanation of whether the impairment was or could be controlled by medication, and an estimate of the expected date of her full or partial recovery. *Id.* at 45. The agency provided the appellant an alternate work location, Building 3101, while it considered her reasonable accommodation request, *id.* at 48, and, after she provided additional medical documentation, *id.* at 50, the agency assigned her to Building 3101 permanently, *id.* at 51-52. The appellant asserted, however, that she also was being exposed to mold in Building 3101. *Id.* at 53-59. On August 22, 2014, the appellant suffered a heart attack while at work, after which she requested that, based on her doctor's recommendation, she be permitted to work at home. *Id.* at 61-62. She returned to duty in Building 3101 for several days in November, but again experienced allergic symptoms. *Id.* at 78.

¶3     On November 25, 2014, the agency denied the appellant's request for full‑time telework, directing her to return to Building 2010. *Id.* at 81. She did not do so, however, in reliance on her doctor's statement that, because of health concerns, she never return to that building.[1] *Id.* at 86-89.

¶4     Subsequently, a private company conducted a visual inspection and collected a number of samples in Building 2010. IAF, Tab 8 at 93-111. Building 2010 was assigned a "minor" Health Risk Assessment Code, a low level of risk, although a number of recommendations were made. *Id*. at 105. On March 24, 2015, the agency proposed to remove the appellant for failure to follow instructions and unauthorized absence. IAF, Tab 8 at 87. While accompanying her attorney to Building 2010 to reply to the charges, the appellant again suffered allergic symptoms. IAF, Tab 29 at 139. On June 25, 2015, the agency decided not to proceed with the removal action and instructed the appellant to return to her position under a 30‑day trial period of telework not to exceed 2 days a week, with the remaining 3 days classified as leave without pay (LWOP). IAF, Tab 8 at 87-89. In July 2015, the appellant submitted another reasonable accommodation request, describing her condition and limitations as permanent and requesting reassignment to a work environment free of mold, contaminants, and irritants, not to include Buildings 2010 or 3101, or, if that were not possible, then reassignment to a mutually agreeable position in a work location free of mold, contaminants, and irritants. *Id.* at 18-19. On August 13, 2015, during the "RA [Reasonable Accommodation] Process," the appellant was again directed to telework on Tuesdays and Thursdays and was placed on LWOP on Mondays, Wednesdays, and Fridays. IAF, Tab 29 at 112. On September 9, 2015, the agency again requested additional medical documentation, specifically,

---

[1] After August 22, 2014, the appellant never returned to duty at Building 2010, and she only returned to Building 3101 for a few days.

the level of a particular allergen which caused an allergic reaction for the appellant and the identity of other mold, allergens, contaminants, or irritants to which she is allergic, along with the associated level which causes an allergic reaction for her. *Id.* at 125. In response, the appellant's physician provided his opinion that the appellant could not work in Building 2010, and he requested that she be allowed to telework 5 days a week or be assigned to another building free from contamination, or to another position in a completely different location. *Id.* at 127.

¶5 The appellant filed an appeal in which she alleged that she is able to work every day with reasonable accommodation, but that the agency constructively suspended her by placing her on LWOP on every Monday, Wednesday, and Friday since August 18, 2015.[2] IAF, Tab 1 at 3-4. She also alleged that, by its action, the agency discriminated against her on the basis of her disability and retaliated against her for her prior equal employment opportunity (EEO) activity. She requested a hearing. *Id.* at 4. As an alternative theory of Board jurisdiction, the appellant alleged that the agency actually, as opposed to constructively, suspended her by placing her on LWOP for more than 14 days against her will. IAF, Tab 29 at 13-15.

¶6 In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 30, Initial Decision (ID) at 1, 7. He found that, to establish an appealable constructive suspension, an employee must demonstrate that she lacked a meaningful choice in the matter and that it was the agency's improper actions that deprived her of that choice. ID at 4-7. The administrative judge then found that, even if he were to assume that

---

[2] Effective March 10, 2016, the agency removed the appellant for failure to follow instructions, unauthorized absence, and disrespectful/inappropriate conduct. Her appeal of that action is pending in the Board's Washington Regional Office. *Thomas v. Department of the Navy*, MSPB Docket No. DC-0752-16-0482-I-1.

the appellant lacked a meaningful choice in returning to work, relief could not be granted because she did not establish that it was the agency's actions that deprived her of the choice. ID at 5-6. He found that the agency made a good faith effort to provide the appellant with a mold-free environment and therefore did not wrongfully deprive her of a choice to return to work and that the agency did not act wrongly by requiring the appellant to provide the additional medical documentation requested. ID at 5-6. Finally, the administrative judge found no basis to conclude that the discrimination alleged by the appellant precipitated her absence. ID at 7.

¶7    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded in opposition, PFR File, Tab 3, and the appellant has submitted a reply, PFR File, Tab 4.

## ANALYSIS

¶8    On review, the appellant argues that the administrative judge erred in denying her a jurisdictional hearing on her constructive suspension claim. PFR File, Tab 1 at 11-12. The appellant also argues that the administrative judge erred in failing to consider the appellant's alternative claim that the agency imposed upon her an enforced leave suspension. *Id.* at 12. We agree with the appellant's assertions.

¶9    The Board has explained that, although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims are premised on the proposition that an absence that appears to be voluntary actually is not. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015), *aff'd*, No. 2015-3102, 2016 WL 4363176 (Fed. Cir. Aug. 16, 2016). To demonstrate that an absence from work was not voluntary, and is an actionable constructive suspension, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *Id.*; *Romero v. U.S. Postal Service*, 121 M.S.P.R.

606, ¶ 8 (2014). Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8; *Romero*, 121 M.S.P.R. 606, ¶¶ 8-9. Our reviewing court has specifically stated that the jurisdictional analysis set forth above is appropriate. *Rosario‑Fabregas*, No. 2015-3102, slip op. at 3.

¶10 Here, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not establish that she suffered a constructive suspension. In particular, he found that the appellant did not establish that the agency deprived her of a meaningful choice. ID at 4-5. In making this finding, as explained below, the administrative judge held the appellant to a higher burden of proof than is required at this stage of the proceeding. ID at 6.

¶11 It is well settled that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (holding that, in a constructive adverse action appeal, "[a] denial of a request for a [jurisdictional] hearing would be proper where the claimant has failed to make allegations that, if proven, could satisfy one or more of the elements necessary to establish Board jurisdiction"); *see Moore v. U.S. Postal Service*, 117 M.S.P.R. 84, ¶ 11 (2011) (stating that an appellant is entitled to a jurisdictional hearing in a constructive suspension appeal based upon intolerable working conditions when she makes nonfrivolous allegations that her working conditions were so intolerable that a reasonable person in her position would have been compelled to absent herself from the workplace). Whether allegations are nonfrivolous is determined based on the written record. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶12 As set forth above, the appellant alleged that, beginning in 2012, she suffered from allergic rhinitis due to exposure to allergens in Building 2010 and

that her condition was permanent and could cause asthma if she were not removed from the allergens. IAF, Tab 29 at 16. The appellant explained that she was capable of performing her duties in a healthy, allergen-free environment, and she requested that the agency reasonably accommodate her condition by allowing her to work in that type of environment. *Id.* at 17. Over the next 3 years, the agency sought additional medical documentation, the appellant provided documentation and continued to seek reasonable accommodation, and the agency attempted with mixed success to accommodate the appellant's conditions by, among other things, assigning her to Building 3101 and allowing her to telework from her home. *Id.* at 38-39, 43-45, 48, 50-52, 78, 81, 139; IAF, Tab 8 at 18-19.

¶13      As noted, on June 25, 2015, the agency instructed the appellant to work 2 days a week in a telework status, with the remaining 3 days classified as LWOP. IAF, Tab 8 at 87-89. In a July 13, 2015 reasonable accommodation request describing the appellant's condition and limitations as permanent, she sought, as an accommodation, reassignment to a work environment free of mold, contaminants, and irritants, not to include Buildings 2010 or 3101, and, if that were not possible, then reassignment to a mutually agreeable position in a work location free of mold, contaminants, and irritants. *Id.* at 18-19. On September 9, 2015, the agency again requested additional medical documentation, specifically, the level of a particular allergen which caused an allergic reaction for the appellant and the identity of other mold, allergens, contaminants, or irritants to which she is allergic, along with the associated level which causes an allergic reaction for her. *Id.* at 56-57. In response, the appellant's physician provided his opinion that no accommodation would allow the appellant to work in Building 2010 and that she should be allowed to telework 5 days a week or be assigned to another building free from contamination or to another unidentified position in a completely different location. *Id.* at 58.

¶14      We find that the appellant has, by these claims, made a nonfrivolous allegation that she was constructively suspended. *Rosario-Fabregas*,

No. 2015‑3102, slip op. at 3; *Romero*, 121 M.S.P.R. 606, ¶ 8. She has done so by nonfrivolously alleging that, during the time in question, she was compelled to be in a nonpay status for 3 days each week because the alternative presented by the agency was for her to work in violation of her doctor's orders such that she lacked a meaningful choice in the matter, and by nonfrivolously alleging that the agency forced her into this untenable position by failing to accommodate her condition.[3] *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 14 (2013).

¶15    The parties disagree as to whether the medical evidence the appellant submitted in support of her request for accommodation was sufficient, whether the agency was justified in continuing to demand additional documentation, and whether the accommodations the agency offered were, in fact, reasonable. Nevertheless, at this stage of the proceedings, the appellant need only nonfrivolously allege that the agency failed to reasonably accommodate her condition, and this she has done based on her allegations and supporting documentation. We find that the appellant's allegations, if proven, could establish that she lacked a meaningful choice in this matter and that it was the agency's improper actions that deprived her of that choice. The jurisdictional prerequisites of 5 U.S.C. chapter 75 otherwise appear to be satisfied. 5 U.S.C. § 7511(a)(1)(A); IAF, Tab 8 at 7. Therefore, under the principles set forth above, we find that the appellant has made a nonfrivolous allegation that she was subjected to an appealable constructive suspension and she is entitled to a jurisdictional hearing.

¶16    On remand, the appellant must prove by preponderant evidence the matters that she has nonfrivolously alleged. If she does so, she will have established the Board's jurisdiction over her constructive suspension appeal, and the

---

[3] On January 7, 2016, the agency denied the appellant's reasonable accommodation request. IAF, Tab 29 at 132. Her telework schedule was canceled, and she was ordered to return to work in Building 2010 on a full-time basis. *Id.* at 136.

administrative judge must reverse the action as effected without due process, although he still must analyze the appellant's claims of disability discrimination and retaliation for EEO activity, if she wishes to pursue those claims.  If the appellant does not establish the Board's jurisdiction over her constructive suspension appeal, then the administrative judge must dismiss it on that basis.

¶17    However, during adjudication, as noted above, the appellant offered an alternative basis for Board jurisdiction, specifically, that the agency actually suspended her by placing her on LWOP against her will for 3 days a week beginning on August 18, 2015, and continuing until October 21, 2015, when she filed her appeal and even thereafter.  IAF, Tab 1 at 8-9, Tab 29 at 13-15; *see Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (stating that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction and that previous Board decisions characterizing such suspensions as constructive were in error); *see also Pittman v. Merit Systems Protection Board*, 832 F.2d 598, 599‑600 (Fed. Cir. 1987).  The administrative judge did not address this claim.  If, on remand, he finds that the appellant did not establish her constructive suspension claim, he shall consider her nonconstructive suspension claim.

<u>ORDER</u>

¶18     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.